# Wolf's Case.

*Lunacy—Traverse of inquisition—"Persons aggrieved"—Act of May 8, 1874, P. L. 122.*

The right to traverse an inquisition of lunacy which is confined to "persons aggrieved" by the terms of the Act of May 8, 1874, P. L. 122, Purd. D. 1272, pl. 16, includes only persons related to the lunatic by blood or marriage, and persons having an interest in his estate. A person having a right of action against the lunatic for a tort, has no right to traverse the inquisition.

Proceedings in lunacy are not conclusive upon strangers, and the fact of lunacy is no defense in an action for the recovery of compensatory damages for a tort in which wrongful or malicious intent is not an essential element. .

Argued April 10, 1900.   Appeal, No. 423, Jan. T., 1899, by Mary Brink, from order of C. P. Luzerne Co., Oct. T., 1898,

No. 1163, striking off traverse to inquisition in the matter of Solomon Wolf, an alleged lunatic. Before GREEN, C. J., MC-COLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Traverse of inquisition in lunacy.

From the record it appeared that on September 21, 1898, a petition in lunacy was filed against Solomon Wolf. On October 10, an inquisition was filed finding that Wolf was then, and had been for twenty years, a lunatic without lucid intervals.

On November 21, Mary Brink had brought a civil action against Wolf, per quod servitium amisit, for the seduction of her minor daughter.

On January 4, 1899, Mary Brink filed a traverse to the inquisition. Subsequently, the court in an opinion by WOOD-WARD, P. J., made absolute a rule to strike off the traverse.

*Error assigned* was the order of the court.

*Edmund G. Butler*, with him *James S. Biery*, for appellant.— A mere relative or a person with a present or prospective interest in an alleged lunatic's property is a person aggrieved : In re Heft, 8 Pa. Dist. Repr. 99 ; Com. v. Schneider, 59 Pa. 328.

The sole purpose of the inquisition proceedings is to hinder, delay, obstruct, interfere with and prevent Mrs. Brink in enforcing her rights of action against Solomon Wolf. She is a creditor, has a right of action, has a prospective interest in his property, which arose long preceding the lunacy proceedings. If these proceedings are sustained and are pleadable in Mrs. Brink's suit, then they are prima facie evidence of lunacy at the time that the cause of her action arose.

*George H. Troutman* and *John T. Lenahan*, for appellee, were not heard, but cited in their printed brief: Act of June 13, 1836, P. L. 594 ; Dickinson's Case, 1 W. N. C. 96 ; Jones's Case, 1 W. N. C. 374 ; Rorback v. Van Blarcom, 5 C. E. Green (N. J.), 461 ; Wirebach's Executor v. First Nat. Bank, 97 Pa. 543 ; Morain v. Devlin, 132 Mass. 87 ; Mutual Fire Ins. Co. v. Showalter, 3 Pa. Superior Ct. 452 ; Morse v. Crawford, 17 Vt. 499 ; Bullock v. Babcock, 3 Wend. 391 ; Behrens v. McKenzie,. 23 Iowa, 333 ; McIntyre v. Sholty, 12 Ill. 660 ; Ward v·

Conatser, 4 Baxt. (Tenn.) 64; Jewell v. Colby, 66 N. H. 399; Williams v. Hays, 143 N. Y. 442.

PER CURIAM, April 23, 1900:

We are clearly of the opinion that the right to traverse an inquisition of lunacy which is confined to "persons aggrieved" by the terms of our Act of May 8, 1874, P. L. 122, Purd. D. 1272, pl. 16, includes only persons related to the lunatic by blood or marriage, and persons having an interest in his estate. The very point was ruled by the prerogative court of New Jersey in Rorback v. Van Blarcom, 5 C. E. Green (N. J.), 461, under a provision of the constitution of that state which contains similar language to our own law of 1874. This conclusion is strongly fortified by the consideration that the proceedings in lunacy are not conclusive upon strangers, and the fact of lunacy is no defense in an action for the recovery of compensatory damages for a tort in which wrongful or malicious intent is not an essential element: Mutual Fire Insurance Co. v. Showalter, 3 Pa. Superior Ct. 452. The exhaustive opinion of RICE, P. J., in that case contains a full review of the whole subject.

Decree affirmed and appeal dismissed at the cost of the appellant.