## Bovaird, Appellant, *v.* Seyfang.

*Equity—Equity practice—Equity pleading—Multifariousness.*

Where the members of a partnership together with other persons organize a corporation which takes over the business of the partnership, and subsequently the corporation goes into the hands of receivers, who successfully manage its affairs and are discharged, one of the partners who was also an incorporator cannot maintain a bill in which he makes his copartners, the corporation and the receivers parties defendant, and prays for a

settlement of the copartnership affairs, and the issue to him of the stock of the corporation, and an accounting by the receivers. Such a bill is bad for multifariousness.

Argued May 7, 1901. Appeal, No. 158, Jan. T., 1901, by plaintiff, from decree of C. P. McKean Co., Feb. T., 1901, No. 2, dismissing bill in equity in case of David Bovaird for himself and for himself as a shareholder of Bovaird & Seyfang Manufacturing Company, and for himself as one of the copartners of the late firm of Bovaird, Seyfang & Company v. J. L. Seyfang, Mrs. Cecelia T. Seyfang, A. W. Lewis, and J. L. Seyfang and A. W. Lewis, as copartners of the late firm of Bovaird, Seyfang & Company ; Bovaird & Seyfang Manufacturing Company, a body corporate under the laws of the state of Pennsylvania; T. W. Phillips, O. D. Bleakly, J. W. Lee, J. E. Cochran ; Sarah M. McKeown and T. H. Kennedy. Before McCOLLUM, C. J., MITCHELL, FELL, BROWN and POTTER, JJ. Affirmed.

Bill in equity for an accounting.

MORRISON, J., filed the following opinion :

It appears from the plaintiff's bill that he is a stockholder of the Bovaird & Seyfang Manufacturing Company, and a member of the copartnership of the late firm of Bovaird, Seyfang & Company. Upon the face of the bill we learn that J. L. Seyfang, one of the defendants, and the plaintiff entered into a copartnership in 1878 ; that about the year 1880 they employed another of the defendants, A. W. Lewis, as their bookkeeper, and that in June, 1891, said Lewis became a member of the firm which thereafter was known as Bovaird, Seyfang & Company ; that they continued business until November, 1891, when David Bovaird, J. L. Seyfang, A. W. Lewis, O. D. Bleakly and J. W. Lee, associated themselves as corporators of a manufacturing corporation, known as the Bovaird & Seyfang Manufacturing Company, with a capital stock of $500,000 ; that the corporation carried on business until November 30, 1893, when the plaintiff and the other stockholders filed a bill in the court of common pleas of McKean county, at No. 2, December term, 1893, against the Bovaird & Seyfang Manufacturing Company, praying for the appointment of a receiver for said corporation;

that on December 1, 1893, James E. Cochran, and Thomas H. Kennedy were duly appointed receivers for said corporation; that they gave bond, took possession of the business and property of the manufacturing company, and managed it successfully until January 4, 1895, when the plaintiff and the other stockholders presented their petition to the court asking for the discharge of the said receivers; that upon said petition which was signed by the plaintiff, the receivers were discharged by the court on January 8, 1895, without filing any account.

The bill alleges that the business of Bovaird & Seyfang, and Bovaird, Seyfang & Company, the copartnership, has never been settled, and prays for an accounting in regard to the copartnership business. The bill also complains that the receivers, Thomas H. Kennedy and James E. Cochran, never filed any account of their receivership, and asks that they be required to account. The bill also alleges that the reorganized corporation known as the Bovaird & Seyfang Manufacturing Company, was reorganized in fraud of plaintiff's rights and asks for relief from said corporation. Complaint is also made that certain individuals named in the bill, have been guilty of fraudulent practices, without distinctly stating what such fraudulent practices were. The suit seems to be brought by plaintiff as an individual and as a stockholder in the Bovaird & Seyfang Manufacturing Company. The plaintiff claims as an individual to have relief against his copartners, and as an individual to have relief against the manufacturing company, and as a stockholder to have relief against the manufacturing company, and as an individual and stockholder to have relief against the receivers and the company; and in his prayers he asks for a distinct and separate relief against all of the various parties enumerated in his stating clause of the bill. The bill also asks that a decree be entered which in its effect would overthrow the decree made in the case appointing and discharging the receivers.

The prayers of the bill are as follows:

1. That the court order and decree that the defendants make full discovery touching all the matters and things herein set forth, and that they particularly and fully answer all of the averments in this bill.

2. That an account be stated between your orator and J. L. Seyfang and A. W. Lewis as copartners as Bovaird, Seyfang

& Company, of all and singular the partnership transactions and dealings and the interest of your orator in said copartnership ascertained.

3. That an account be stated of all moneys received by the said receivers of the said Boviard & Seyfang Manufacturing Company, during their administration as such receivers, and of all payments of expenses and debts paid said receivers.

4. That the court order and direct that an inventory and reappraisement be made of the assets and liabilities of the said Bovaird & Seyfang Manufacturing Company as they existed at or about the time of the reorganization of the said corporation, and that the actual market value of the property and assets of said corporation as of that date be ascertained; and that the inventory and appraisement made by the said receivers and other defendants be set aside and that the interest of your orator in the net assets of the said corporation as ascertained by an inventory and reappraisement, be determined.

5. That the court order and direct that the said defendant corporation immediately issue to your orator stock of said corporation to the full value of his interest therein.

6. That the court order and direct that the said defendants, the said J. E. Cochran and T. H. Kennedy, receivers, and the said defendant corporation, render a just and full account of all moneys collected and received by them or either of them from the said $102,725.45, of old and suspense accounts of said Bovaird, Seyfang & Company, and also to state the items and amounts of said accounts remaining uncollected.

7. That an account be stated between your orator and defendants of the amount of shares of the capital stock of the Manufacturers' Gas Company turned over by your orator to defendants, and also of the shares of stock of the said Bovaird & Seyfang Manufacturing Company belonging to your orator and taken and appropriated by defendants, and that the market value of the said gas stock and of the said Bovaird & Seyfang Manufacturing Company stock be ascertained as of the date when the said receivers were discharged and the said corporation reorganized and your orator's interest therein determined and that defendants make such disposition thereof as your honorable court may direct.

8. That the defendants be decreed to pay to plaintiff what

shall upon the several accountings appear to be due to plaintiff from the defendants.

9. And your orator asks such other and further relief as may be equitable and proper, and as to your honorable court may seem meet in the premises.

Four of the defendants have demurred to the whole bill, stating the following grounds of demurrer:

1. That said bill is multifarious for the reason that it joins therein different persons who have no community of interest either in the subject-matter of the litigation or in the relief prayed for; and in like manner joins therein separate causes of action against separate parties, which separate causes of action require distinct and separate forms of relief against separate parties herein named.

2. That as to a portion of said bill, the court is without jurisdiction in that it asks to have the accounts, acts and doings of J. E. Cochran and T. H. Kennedy, named in said bill as receivers of the Bovaird & Seyfang Manufacturing Company, opened up by a decree made in this case and asks that the said receivers be compelled to file an account in this case, and the defendants demurring say that touching the acts and doings of said receivers the court has not jurisdiction in a collateral proceeding of this character, and if the plaintiff is entitled to any relief against said receivers, it can only be had in a direct proceeding instituted in the case and court in which said receivers were appointed.

3. That as to some of the defendants named in said bill, there is nothing upon the face of the bill to show that they have any interest, direct or indirect, in the subject-matter of the ligitation.

4. That the said bill does not aver with sufficient distinctness or any distinctness, any specific acts or doings on the part of defendants demurring, or on the part of any of the defendants named in said bill, of such a nature, kind or character as would entitle the plaintiff to the relief prayed for.

5. That the said bill alleges certain frauds and fraudulent representations on the part of defendants demurring, as well as on the part of other defendants, but which allegations are general, not of a specific character and do not state in terms or refer to any specific acts or frauds or fraudulent representations

sufficient to give to this court jurisdiction in equity of the matters and things complained of in said bill.

Wherefore and by reason whereof, defendants demurring say that the court has not, and ought not to have jurisdiction in the premises, and prays to have the said bill dismissed at cost of plaintiff ; and they will ever pray.

All of the other defendants have answered, and the present being an argument upon the demurrers, and as to the jurisdiction of the court we having nothing to do with the answer, except the twenty-third paragraph of the answer on the part of Bovaird & Seyfang Manufacturing Company, T. W. Phillips, O. D. Bleakly, J. W. Lee and J. E. Cochran; and the seventeenth paragraph of the answer of J. E. Cochran and T. H. Kennedy, which is substantially the same as the twenty-third paragraph of the other answer.

For the reason set forth in the last paragraph of each answer and in the demurrers, we think the court ought to refuse to take jurisdiction in this case, for the reasons :

1. That the bill is clearly multifarious.

2. That the acts of the receivers cannot be attacked in a collateral issue.

3. That if an inventory and appraisement and final account are to be required from the receivers, the decree of discharge should be first set aside, and this can only be done by a proper petition in the case and court in which they were appointed.

4. That the bill is indefinite in that it fails to specifically state the false, fraudulent and mistaken acts of said receivers, and contains no allegations of misappropriation of any of the property that came to the hands or under the control of the said receivers.

Another reason why the bill is multifarious, is that a settlement of the copartnership between Boviard & Seyfang and Boviard, Seyfang & Lewis is a separate and independent matter and ought not to be joined in a bill against the corporation.

We also think it very clear that the receivers ought not to be made defendants in this bill, because if there is any fraud or mistake in their management of the business or in procuring their discharge, it can only be reached by this plaintiff by asking to open or strike off the decree in the case where the receivers were appointed and discharged.

In Commonwealth v. Trout, 76 Pa. on page 384, it is said: "Undoubtedly, a decree or judgment may be impeached in a collateral proceeding for fraud or collusion of the parties in procuring it. But if there has been no fraud or collusion in procuring the adjudication, it must stand as conclusive, until directly waived or set aside. It cannot be collaterally assailed and overturned for any fraud which the parties to the transaction, on which it is founded may have committed against each other."

In City v. Fricke, 6 Phila. 578, it is said: "A final decree in equity by a court of competent jurisdiction is conclusive between the parties on the same question arising in another court."

In Ogle v. Baker, 137 Pa. 378, it is said: "A judgment or decree procured through the fraud and collusion of the parties to it, for the purpose of defrauding a third person, may be attacked by such person in a collateral proceeding, because he had no standing to appeal from it, or to require that it be vacated or reversed. A party, however, who alleges that a judgment has been obtained against him by fraud, may assail it directly, by appeal from or motion to open it, but he cannot impeach it in an action to recover the money collected by regular process issued upon it."

To the same effect is Otterson v. Middleton, 102 Pa. 78. And in Wharton's Law of Evidence, sec. 798: "It must be remembered, at the same time, that when a party has the opportunity of applying to the court entering the judgment, to open it, he must do so, and cannot resort to a collateral attack."

These and many other authorities appear to settle the question that the receivers are improperly joined in this bill. They were appointed in another case in equity in which the plaintiff here was a plaintiff. They were discharged on his petition, by a final decree of this court without the slightest objection on the part of anybody. On the face of the bill this appears, and it also appears that they have no possession or control of the books or property of the corporation, and it is perfectly clear that they cannot be compelled to answer and account in the present case for any acts done or omitted while they were receivers.

We think it is just as clear that it is improper in this bill against the corporation to ask for an accounting as to the partnership that at one time existed between the plaintiff and Sey-

fang and Lewis. In this connection it should be noted that the plaintiff does not aver in the bill that such accounting would show that the partnership or either of its members owed him a dollar.

A demurrer for multifariousness goes to the whole suit, and if sustained the bill should be dismissed, and not be retained for partial relief : Adams's Equity, * 311, note.

A defendant in a suit of equity may, under the equity rules, object to the equitable jurisdiction either by demurrer to the bill or by averment in his answer : Appeal of Maguire and Wife, 102 Pa. 120.

It is very difficult to discover anything in the bill which furnishes any excuse for making Cecelia T. Seyfang and Sarah M. McKeown parties defendant.

By multifariousness in a bill is meant, the improperly joining in one bill distinct and independent matters and thereby confounding them, as, for example, the uniting in one bill of several matters perfectly distinct and unconnected against one defendant, or the demand of several matters of a distinct and independent nature against several defendants in the same bill : Story's Equity Pleadings, sec. 271.

It would seem that the relief prayed for in the second prayer of the bill for an accounting of the partnership matters of Bovaird, Seyfang & Company, is a separate, distinct and independent cause of action from that prayed for in the third prayer of relief, asking that the receivers shall make an accounting ; and both are separate, distinct and independent of the relief prayed for in the sixth prayer, that all of the defendants, including the receivers, make an accounting of certain sums claimed to have been collected by them. There are only two of the defendants in any way connected with or interested in the partnership of Bovaird, Seyfang & Company, and therefore the other defendants should not be made parties to a bill for an accounting between the copartners.

A bill for an accounting against two distinct partnerships, though one of the defendants is a partner in both is multifarious : Griffin v. Merrill, 10 Md. 364.

A bill combining individual claims with claims in a representative capacity is multifarious : Carter v. Treadwell, 3 Story, 25 : Davoue v. Fanning, 4 Johns. Ch. 199.

A bill that comprehends two entirely distinct and different complaints is multifarious : Whetham v. Penna. & N. Y. Canal & R. R. Co., 8 Phila. 92.

Where several defendants are joined in a bill, and several distinct, unconnected matters are charged, it is bad for multifariousness : Wray v. Hazlett, 6 Phila. 155. See also Huston v. Sellers et al., 12 Phila. 520, and Trustees of School Fund v. Heermans, 1 Kulp, 469.

A general allegation of fraud is not sufficient. The fraudulent acts must be specifically set out so that the court can from the face of the bill say that the acts complained of, if true, were fraudulent : Daniell's Chancery Pleading & Practice, 4th Edition, 324 ; see Note 8.

There is another defect in the bill which has not been noticed. It asks for discovery and for a decree that the corporation issue stock to the plaintiff, but none of the officers of the defendant corporation are named as defendants.

Judge BREWSTER, in his work on practice, holds that the officers or some of them, at least, should be named. This defect might be cured by amendment, and we would not dismiss for that reason alone, until after plaintiff had refused to amend.

Upon due consideration, we think the demurrers must be sustained, and that as to the answering defendants, they set forth sufficient reasons appearing upon the face of the bill why the court has not jurisdiction.

And now, April 8, 1901, this case came on to be heard upon argument, upon demurrers and upon the reasons suggested by the answering defendants why the court should not take jurisdiction, and was duly argued by the solicitors for the respective parties, and upon due consideration it is ordered, adjudged and decreed that the demurrers be sustained, and also the motions of the answering defendants for dismissal of the bill; and the bill is therefore dismissed at the cost of the plaintiff.

*Error assigned* was the decree of the court.

*Edwin E. Tait*, and *Thomas F. Richmond*, with him *Sheridan Gorton*, for appellant.

*W. E. Burdick, George A. Berry*, and *Robert L. Edgett*, for appellee, were not heard.

PER CURIAM, July 17, 1901:

The plaintiff's bill was dismissed at his cost. The grounds of the dismissal appear in the elaborate and exhaustive opinion of Judge MORRISON on which an affirmance of the decree dismissing the bill may safely rest. It is not necessary to specify herein, in detail, the grounds of the dismissal, as they clearly and plainly appear in the opinion referred to. The plaintiff, on his appeal to this court, filed a "statement of errors to the decree of the court below in dismissing his bill." The errors alleged were twelve in number each of which appears to have been founded on the opinion of the learned court below. A careful consideration of the alleged errors resulted in the conclusion that there was nothing in either of them which warranted a reinstatement of the dismissed bill.

Decree affirmed.