## Commonwealth ex rel., Appellant, *v.* Pitcairn.

*Lunacy—Traverse—Right of wife to traverse—Act of May 8, 1874, P. L. 122.*

A wife, the validity of whose marriage is affected by an inquisition in lunacy, is a person aggrieved within the meaning of the Act of May 8, 1874, P. L. 122, and has a standing to traverse the finding. Generally the right to traverse extends to persons related to the alleged lunatic by blood or marriage and to strangers interested in his estate.

In the trial of such a traverse the question of the validity of the marriage cannot be submitted to the jury.

Argued Oct. 31, 1902. Appeal, No. 120, Oct. T., 1902, by plaintiff, from judgment of C. P. No. 2, Allegheny Co., April T., 1901, No. 754, on verdict for defendant in case of Commonwealth ex rel. Robert Pitcairn v. Albert Pitcairn on the traverse of Mary Pitcairn. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Traverse of a finding of lunacy. Before FRAZER, P. J.

From the record it appeared that by an inquisition in lunacy filed on April 22, 1901, Albert Pitcairn was found to be a lunatic without lucid intervals for four years prior to that date. Mary Pitcairn, who was married to the alleged lunatic on August 29, 1897, traversed the inquisition. At the trial of the traverse, the court refused to submit to the jury the question of the validity of the marriage, but admitted in evidence the testimony of several witnesses relating to circumstances which led up to and were connected with the marriage. [20–23]

The court charged in part as follows:

[The traverser in this case, who is his wife, denies that her husband was a lunatic previous to 1899 or 1900, and just here

I will say that so far as this case is concerned, the wife is an aggrieved party, and may properly become the traverser, which she is in this case.] [2]

[We think, as you have heard us say to counsel during the trial of the case, that these proceedings have nothing to do with the validity or invalidity of the marriage. I mean that they have nothing to do with it directly. Counsel at first asked us to submit to you the question of the validity of the marriage. That we declined to do, for reasons that we think sufficient; in our opinion this is not a proper proceeding in which the validity of that marriage ought to be determined, and for that reason we refuse to submit that question to you, but we admitted evidence in regard to the marriage so that you, gentlemen, could determine to what extent the circumstances of the marriage bore upon the lunacy of Mr. Pitcairn. Those circumstances leading up to the marriage and all the circumstances after the marriage are evidence to be considered with all other evidence in enabling you, gentlemen, to determine whether or not Mr. Pitcairn is a lunatic and when his lunacy began. That is why we admitted it.] [5]

[The verdict here fixing the date of the lunacy will indirectly bear upon the marriage, if that question should come before the court hereafter, in casting the burden of proof either one way or the other. If you should find that Mr. Pitcairn was a lunatic previous to 1897, and an issue should be framed to determine the validity of that marriage, the fact that you found that he was a lunatic previous to August, 1897, would cast the burden of proof upon Mrs. Pitcairn to show that he was competent at that time to enter into a contract of marriage; if subsequent to August, 1897, and the marriage should be attacked upon the grounds that he was insane at the time, the burden would be upon the person attacking. That is as near as I can say now, the effect your finding in this case will have upon the validity of the marriage in the event of that being raised in some other proceeding. So that outside of merely getting information from the circumstances leading up to the marriage, you, gentlemen, will not consider it in any other way in determining this case.] [6]

Verdict and judgment for defendant.   Plaintiff appealed.

**516**   COMMONWEALTH, Appellant, *v.* PITCAIRN.

*Errors assigned* were (2-5, 6) above instructions, quoting them; (20-23) rulings on evidence, quoting the bill of exceptions.

*F. C. McGirr*, with him *T. C. Pitcairn*, and *John Marron*, for appellant.—The wife is not a person aggrieved: Covenhaven's N. J. Equity Reps. 19; Wolf's Case, 195 Pa. 438; Gensemer's Est., 170 Pa. 96; Dickinson's Case, 1 W. N. C. 96; Jones's Case, 1 W. N. C. 374; Rorback v. Van Blarcom, 20 N. J. Eq. Reps. 461; Fust's Case, 1 Cox's Ch. 418.

*J. S. Ferguson*, with him *E. G. Ferguson* and *Henry Meyer*, for appellee.

OPINION BY MR. JUSTICE FELL, January 5, 1903:

A wife, the validity of whose marriage is affected by an inquisition in lunacy, is a person aggrieved within the meaning of the Act of May 8, 1874, P. L. 122, and has a standing to traverse the finding. Generally the right to traverse extends to persons related to the alleged lunatic by blood or marriage and to strangers interested in his estate : Wolf's Case, 195 Pa. 438. In Davidson's Appeal, 170 Pa. 96, the right of a person claiming title under a deed executed by an alleged lunatic to traverse the finding that the lunacy antedated the deed, was sustained. The traverser in the case now before us married the alleged lunatic after the date when, as found by the commissioners, he became insane without lucid intervals. The length of time his incapacity had existed was a necessary part of the finding, and as to the traverser a material part. While admitting that her husband was a lunatic at the time of the inquisition, she had the right to traverse this part of the finding. It affected most seriously, if in no other manner then as prima facie evidence, all of her relations to him, and her right to present support from his estate.

The main contention at the trial was whether the validity of her marriage should be submitted to the jury. The court refused to do this, but admitted testimony to show the circumstances that led to or were in any way connected with the marriage, and instructed the jury to give due weight to these in determining whether Albert Pitcairn was a lunatic, and if

so, when he became a lunatic. For this purpose the testimony was competent, and for this only. The validity of the marriage was not in issue, and could not be determined by a proceeding of this kind.

The judgment is affirmed.