## Harrison v. Welsh.

*Equity—Contents of bill—Averments as to fraud—Principal and agent—Equity rules—Affidavit to bill—Equity practice—Pleading.*

1. Fraud is never presumed, but must be affirmatively alleged and proved by the party who relies upon it.

2. The specific facts and circumstances constituting the fraud alleged must be sufficient in themselves to show that the conduct complained of was fraudulent.

3. A bill in equity for an accounting and restitution of losses alleged to have resulted from the purchase and sale of securities by defendant as plaintiff's agent will be dismissed where fraud is alleged in general terms, but no facts or circumstances are set forth from which specific fraud is shown.

4. There is no statute or rule making an affidavit in any form to a bill in equity a necessary part thereof.

Bill in equity for accounting. C. P. No. 5, Phila. Co., Dec. T., 1925, No. 4515.

*Powell, Ludlow & Schaeffer,* for plaintiff.

*Bell, Trinkle & Bell,* for defendant.

MARTIN, P. J., March 26, 1926.—The bill in equity sets forth that William W. Harrison, a gentleman seventy-five years of age, for many years past invested a substantial portion of his personal property in bonds and other securities, using as his agent the defendant, a dealer in securities; that during this time the plaintiff constantly relied upon the defendant's advice as to the character of the securities and the advantage to him in disposing of cer-

tain securities and acquiring others; that he depended and relied implicitly and exclusively upon the defendant's advice; that the relationship between the plaintiff and the defendant was a highly confidential one in matters pertaining to investments; that at a certain particular time, to wit, during the week of Nov. 16, 1925, defendant recommended to the plaintiff that he surrender certain of his securities and take in lieu thereof certain other securities, among others, $12,000 par value of Youngstown & Ohio River Railroad first mortgage 5 per cent. bonds, and that the plaintiff's secretary ascertained and informed the plaintiff that these particular bonds, instead of being 85¾ (less ¼), were then selling on the market at a quotation of 52¾, a difference of thirty-three points in favor of the defendant and to the disadvantage of the plaintiff; that the plaintiff thereupon had certified public accountants go over the available records of his transactions with the defendant for the last six years and found that he had been unlawfully deprived of sums of money in excess of $239,000. Plaintiff further avers that his losses for prior years are unknown to him because he has not kept the records of the same. Plaintiff further avers that these losses sustained by him were due to the gross fraud of the defendant in violating the relationship of agency, especially of the confidential nature of the relationship existing between them. He furthermore avers that the defendant has in his possession records which will reveal the true state of the accounts between the plaintiff and defendant, and, further, that he has not been able to procure said records.

In the prayers plaintiff asks:

1. For a full and complete accounting during the period of said agency and confidential relationship.

2. That the defendant shall be directed to reimburse plaintiff to the extent to which it may be determined that he has illegally profited by the breach of the relationship heretofore existing between them.

3. For such other and further equitable relief as to this honorable court shall seem meet.

The bill in equity does not contain the necessary specific averments of fraud upon which to base the cause of action. Rule 34 of the Equity Rules of this jurisdiction states: "Every bill shall contain, in a concise and summary form, a statement of the facts on which the plaintiff relies."

Rule 48 states: "If plaintiff desires discovery, he should specify to what extent it is desired."

The basis of this cause of action is fraud. "Fraud is never presumed, but must be affirmatively alleged and proved by the party who relies upon it:" 27 Corpus Juris, 44-45.

The specific facts and circumstances constituting the fraud must be stated, and the facts so stated must be sufficient in themselves to show that the conduct complained of was fraudulent: 21 Corpus Juris, 412. This same statement is well expressed in Story's Equity Pleading (10th ed.), 351 (note A): "A general allegation of fraud, however strong in expression, is insufficient if there is no statement of the circumstances relied on as constituting the alleged fraud."

In Leberman v. Leberman, 18 Phila. 254, Allison, J., said: "A general charge of fraud will not avail. The facts on which the charge of fraud is founded must be clearly and specifically stated; nor is it enough that they are inferentially set up."

There are a number of cases in this jurisdiction that state that where a party is charged with fraud, he has a right to know in advance just what he is required to meet: Small v. Boudinot, 1 Stock. Ch. N. J. 381; Smith's

Harrison v. Welsh.

Admin'r v. Wood, 42 N. J. Eq. 563; Finletter v. Appleton, 195 Pa. 349; Hibbs v. Sedlock, 26 Dist. R. 794; Bovaird v. Seyfang, 200 Pa. 261.

We must, therefore, have the specific allegation of fraud affirmatively alleged in the bill in equity. Monaghan, J., in Hibbs v. Sedlock et al., 26 Dist. R. 794, said: "A general allegation of fraud is not sufficient. The fraudulent acts must be sufficiently set out so the court may, from the face of the bill, see that the acts complained of, if true, were fraudulent: Daniell's Chancery Practice (4th ed.), § 324.

The answer in the form of a demurrer also complains about the form of the affidavit made by the plaintiff, wherein he swears that "the facts set forth are true and correct to the best of his knowledge, information and belief." In Venango County v. Penn Bridge Co., 14 Dist. R. 221, Criswell, P. J., said: "We have not been cited to, nor do we know of, any statute or rule making an affidavit in any form to a bill in equity a necessary part thereof."

21 Corpus Juris, § 328, states: "In the absence of statute or rule of court requiring verification, as a general rule, neither a bill in equity nor an amendment thereto need be verified."

There is nothing in the Equity Practice Rules providing for a form of affidavit. The plaintiff has followed the form that has been used in the civil [law] side of the court, and as such it is sufficient.

And now, March 26, 1926, the preliminary objections to the bill filed in this case, to wit, that the facts are so insufficiently averred that it is impossible for defendant to make an adequate answer to plaintiff's claim, or to know to what extent discovery is desired, are sustained, and leave is granted plaintiff, within ten days, to amend the bill to obviate the objections.