In the Matter of Grant Edmundson, an Alleged
Weak Minded Person.

Argued April 25, 1933.

Before TREXLER, P. J., KELLER, CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Carroll Caruthers,* and with him *Harry L. Allshouse,* for appellant.

*Ray A. Liddle,* for appellee.

OPINION BY KELLER, J., July 14, 1933:

We think the order of the court below should be reversed and the case sent back for a hearing on the vital point at issue, viz., whether Grant Edmundson, at the time the proceedings under the Act of May 28, 1907, P. L. 292, as amended by the Act of April 1, 1925, P. L. 101, were instituted, was a resident of Allegheny County or of Westmoreland County; and that niceties of pleading should not govern in passing on such a jurisdictional requirement. The Act of 1907 which provides for the appointment of guardians for the protection of "insane persons, feeble-minded persons and epileptics, unable to take care of their property," makes it a jurisdictional requirement that the petition for such appointment be presented "to the court of common pleas of the county in which said person to be cared for resides." By this is not meant the place where he may be sojourning at the time the petition is presented, but his established place of abode, his permanent dwelling place, and is practically synonymous with "domicile": In re appointment of Guardian for Belle Nichols, 86 Pa. Superior Ct. 38; 54 C. J. 703, sec. 3. The word "reside" is here used in the same sense in which it is used in the statute relative to the establishment of a settlement by a person not a public charge: Act of May 14, 1925, P. L. 762, sec. 800; Danville & Mahoning Poor Dist. v. Whipple, 45 Pa. C. C. Reps. 573; and in the act for the appointment of a commission in lunacy for a resident of this Commonwealth; Act of June 13, 1836,

P. L. 589, sec. 2, cl. 1; and in our divorce statutes: Act of March 13, 1815, 6 Sm. L. 287, sec. 2; Act of May 2, 1929, P. L. 1237, sec. 15; Reed v. Reed, 30 Pa. Superior Ct. 229, 235; and in the acts governing the appointment of administrators and the grant of letters testamentary: Act of June 7, 1917, P. L. 447, sec. 2; Act of June 7, 1917, P. L. 415, sec. 4; Price v. Price, 156 Pa. 617, 626, 27 Atl. 291.

If, as was alleged in the petition to vacate the appointment of guardian, Grant Edmundson had resided for many years prior to and continuously up until September 12, 1931 in Rillton, North Huntingdon Township, Westmoreland County, then he was a resident of Westmoreland County and not of Allegheny County; and a temporary visit to a resident of Allegheny County, shortly before the proceedings were instituted would not change his "residence." If one is insane or so feeble-minded as to be unable to take care of his property and to require the protection of a guardian to do so, he is also incapable of changing his settlement or residence within the contemplation of the Act of 1907, (19 C. J. 417, 418), by a transient or temporary visit elsewhere. We are not concerned with where he may have lived since the guardian was appointed. The jurisdiction of the lower court depended on where he "resided" at the time the petition was presented and the proceedings were begun. If this was Rillton, Westmoreland County, then the Court of Common Pleas of Allegheny County had no jurisdiction and should revoke the appointment: Simpson's Est., 253 Pa. 217, 98 Atl. 35.

The petitioner appellant is a debtor of Grant Edmundson and interested in his estate, (Com. ex rel. v. Pitcairn, 204 Pa. 514, 516), to the extent that he should not be called on to pay over the money due to one having no jurisdictional right to collect and hold it. The attack is not collateral but direct. As a debtor it is ex-

pressly given the right to apply for the appointment of a guardian for its insane or feeble-minded creditor by the Act of April 1, 1925, P. L. 101.

The second assignment of error is sustained, the order is reversed, and the record remitted to the court below with directions to hear witnesses, and decide from the evidence the "residence" of Grant Edmundson at the time the original proceedings in this case were instituted; and if found to be in Westmoreland County, to revoke the appointment of guardian. Costs on this appeal to be paid out of the estate.