## Elverson's Estate

Before Lamorelle, P. J., and Gest, Henderson, Van Dusen, Stearne, and Sinkler, JJ.

John J. McDevitt, Jr., for petitioner; Hepburn & Norris, contra.

HENDERSON, J., November 10, 1933.—James Elverson died February 10, 1911, and by his will provided as follows:

636

"Seventh: I give, devise and bequeath to my dear wife Sallie D. Elverson all the rest residue and remainder of my estate real personal and mixed of what nature or kind soever and wheresoever the same shall be found at the time of my death for and during her natural life.

"Eighth: And from and immediately after the decease of my said beloved wife then with respect to the rest residue remainder and reversion of my estate in and to Two Thousand Seven Hundred and Forty-seven (2,747) shares of stock in the Philadelphia Inquirer Company I give and bequeath the said 2747 shares to my son James Elverson Jr. his heirs and assigns in trust nevertheless to pay unto himself one-half and unto my daughter Eleanor Louise Patenotre her heirs and assigns the other one-half of the dividends earned thereon which shall be computed and declared upon the basis of the net earnings provided nevertheless that all mortgages against my real estate wheresoever situate shall have first been paid and satisfied before any dividends are declared or paid as aforesaid. I hereby give full power to my said trustee James Elverson Jr. during his natural life to manage and control the corporation the Philadelphia Inquirer Company hereby giving him the full power of control and management that I now have or ever had during my lifetime. Provided however that he shall not receive or take a salary exceeding Fifty Thousand Dollars ($50,000.00) per year and that the books of said corporation shall be open at all times to the inspection of my said daughter or her duly authorized representatives. This trust shall end upon the death of my said son James Elverson Jr. Upon the death of my said son James Elverson Jr. I give and bequeath one-half of the shares of said stock to his lawful issue his her or their heirs and assigns and the other half to my daughter Eleanor Louise Patenotre her heirs and assigns. In the event of the decease of my said son without leaving lawful issue to survive him I give and bequeath the whole of the shares of the said stock to my said daughter her heirs and assigns and should my said daughter die without leaving lawful issue to survive her I give and bequeath the whole of the shares of said stock to my said son his heirs and assigns.

"Ninth: And also from and immediately after the decease of my beloved wife then with respect to the rest residue and remainder and reversion of my estate (excepting the shares of said stock hereinbefore disposed of) real personal and mixed or so much thereof as may then remain unexpended I give devise and bequeath unto my son James Elverson Jr. and Eleanor Louise Patenotre their heirs and assigns forever. In trust nevertheless to pay one-half of the net income and rents thereof unto my said son James Elverson Jr. and the other one-half of said income and rents to my daughter Eleanor Louise Patenotre her heirs and assigns for so long as the said estate remains unsold. When my said estate is sold in whole or in part the proceeds of such sale or sales shall be divided between my said son James Elverson Jr. and my said daughter Eleanor Louise Patenotre her heirs and assigns. This trust shall end upon the death of my said son James Elverson Jr. Upon the death of my said son James Elverson Jr. I give devise and bequeath one-half of my said estate real personal and mixed (excepting however the shares of said stock hereinbefore disposed of) to his lawful issue his her or their heirs and assigns forever and the other one-half to my daughter Eleanor Louise Patenotre her heirs and assigns forever. In the event of the decease of my said son without leaving lawful issue to survive him I give devise and bequeath the whole of my said estate to my said daughter Eleanor Louise Patenotre her heirs and assigns forever and should my said daughter die without leaving lawful issue to survive her I give devise and bequeath the whole of my said estate to my said son James Elverson Jr. his heirs and assigns forever."

The widow, Sallie D. Elverson, died May 3, 1923, without filing her account as executrix, and none has ever been filed; and thereupon James Elverson, Jr., entered upon his duties as trustee under clause eight of the will, and he and his sister, Eleanor Louise Patenotre, entered upon their duties as trustees under the ninth clause.

James Elverson, Jr., died on January 21, 1929, leaving his last will whereof he appointed his widow, Eleanor Mayo Elverson, the executrix; by the second clause of his will he created a trust fund of $500,000 for his widow for life, with remainder to his heirs; and by the third clause he gave the residue to his widow absolutely.

Eleanor Mayo Elverson, the widow, died April 8, 1929, having entered upon her duties as executrix but never having filed her account as such.

Eleanor Mayo Elverson by her last will, after sundry bequests, gave the remainder of her estate absolutely to her brother-in-law John Green, the petitioner.

On April 12, 1929, letters of administration d. b. n. c. t. a. on the estate of James Elverson, Jr., were granted to Herbert E. Blackman.

The petition sets out that the account of James Elverson, Jr., trustee under clause eight of the will of this testator, has not been filed, and prays that his personal representative should be directed to do so.

It is further alleged that the intact value of the stock of the Inquirer Co., by reason of undistributed accumulated net earnings, has increased by many millions of dollars, and that one half thereof belonged to James Elverson, Jr.

The petition furthermore sets out that the trustees under the ninth clause have not filed their account, and prays that the administrator of James Elverson, Jr., and Eleanor Louise Patenotre should be directed to file a trustees' account under this clause.

We will first take up the latter trust, which the answer avers has been fully acquitted by an agreement dated April 15, 1929, fully set out as exhibit B to the answer, between Eleanor Louise Patenotre, Herbert E. Blackman, administrator d. b. n. c. t. a. of James Elverson, Jr., and the Liberty Title & Trust Co., executor of Eleanor Mayo Elverson.

At the bottom of this agreement, John Green, the petitioner, has signed the following memorandum: "The undersigned, being the residuary legatee under the will of said Eleanor Mayo Elverson, hereby approves the above agreement and requests consummation thereof by payment of said fund to Eleanor Louise Patenotre."

This appears to be a complete acquittance of this trust, and in view of John Green's agreement, he probably is not entitled to any relief in reference thereto.

The relief prayed for under the ninth clause of the will is dismissed without prejudice. It should not have been included in the petition. Its presence renders the petition multifarious, i. e., "improperly joining in one bill several distinct and independent matters. . . ." 21 C. J. 408, § 427; Bovaird v. Seyfang, 200 Pa. 261, 268; Story, Equity Pleading § 271.

The proper practice in such cases is for "the court" to "treat the bill [petition], as if it were single, and proceed with the other matter, over which it has jurisdiction, as if it constituted the sole object of the bill": Story, Eq. Pl. § 283.

We will now consider the trust of the stock of the Inquirer Co. set up under the eighth item of the will. There has been no accounting of this trust, and it is conceded that the remainder belongs to Mme. Patenotre absolutely. The petition represents an effort to reach the large accumulation of undivided earnings, alleged by the petition to amount to several millions of dollars, and the answer concedes they "amounted to a large sum". Whatever it is would belong

equally to James Elverson, Jr., and Mme. Patenotre, and the Elverson share would pass to his widow and from her to the petitioner, her residuary legatee.

The answer avers an informal settlement of this trust by Eleanor Mayo Elverson. As this hearing is on petition and answer, the averments of the answer must be taken as true.

The petitioner argues that he has set forth a prima facia case and is entitled to the relief prayed for under Peters' Estate, 1 Phila. 581, Clinton's Estate, 8 Dist. R. 661, and similar cases. These cases, however, are no longer followed. When the answer sets up a complete reply to the petition, the question of fact must be preliminarily determined before an account will be orderd: Starr's Estate, 3 Pa. Superior Ct. 212; Lightner's Estate, 144 Pa. 273.

We shall not undertake to analyze the answer and determine how far it is an acquittance of the duty devolving on the personal representative of the deceased trustee. At least it does not aver a formal assignment of the stock by anyone having authority so to do, nor does it aver a due ascertainment and division of the large accumulation of undivided earnings, alleged by the petition to amount to several millions of dollars and which the answer admits "amounted to a large sum".

Under all the circumstances surrounding this estate, we are of opinion that so important a matter should not be disposed of upon petition and answer. The petitioner is granted 10 days within which to file a replication, otherwise the petition will be dismissed.