Barclay-Westmoreland Trust Company, Appellant, *v.* Dollar Savings Bank et al.

Argued March 27, 1940. Before SCHAFFER, C. J.,
MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Carroll Caruthers,* with him *Harry L. Allshouse,* for
appellant.

*Hill Burgwin,* of *Burgwin, Scully & Churchill,* for
appellee.

*Thomas E. Whitten,* with him *J. P. Fife,* for appellee.

OPINION BY MR. JUSTICE LINN, April 15, 1940:

The Barclay-Westmoreland Trust Company, as guardian of the estate of Grant Edmundson, a weak-minded person, appeals from judgment on a directed verdict for the Dollar Savings Bank, original defendant, and from the granting of a motion for judgment n. o. v. made by the First National Bank of McKeesport, additional defendant.

September 30, 1931, the McKeesport bank was appointed guardian for Edmundson by the common pleas of Allegheny County. Edmundson had an account with the Dollar Savings Bank, which, on the production of a certified copy of the order of the McKeesport bank's appointment, paid the deposit to the guardian. Edmundson also had a deposit in the Irwin Savings and Trust Company, a bank doing business in Westmoreland County. That bank filed a petition in the common pleas of Allegheny County to vacate the appointment of the McKeesport bank as guardian and on June 13, 1932, the petition was dismissed. The Irwin bank then appealed to the Superior Court, which reversed the order dismissing the petition and remitted the record "to the court below with directions to hear witnesses, and decide from the evidence the 'residence' of Grant Edmundson at the time the original proceedings in this case were instituted; and if found to be in Westmoreland County, to revoke the appointment of guardian." 109 Pa. Superior Ct. 495, 498, 167 A. 502. The hearing was had and on October 4, 1933, the appointment of the McKeesport bank was revoked. On November 9, 1933, the common pleas of Westmoreland County appointed the appellant trust company guardian. From the order of appointment, the McKeesport bank appealed and the Superior Court affirmed the decree: 113 Pa. Superior Ct. 472, 173 A. 708.

On April 11, 1934, the McKeesport bank, having been superseded by the trust company, filed its account in the common pleas of Allegheny County. The trust com-

pany entered an appearance de bene esse and objected to the audit and confirmation, and the account was neither audited nor confirmed.

June 25, 1935, the trust company brought this action to recover the amount to Edmondson's credit November 9, 1931, when the defendant Dollar Savings Bank paid it to the McKeesport bank, guardian, as has been stated. The Dollar Savings Bank brought in the McKeesport bank as additional defendant and the trial resulted in the judgments from which the trust company took this appeal.

It seems unfortunate that the small estate of the ward should be dissipated by the expense of all this litigation, some of which, at least, we think might have been avoided. In the course of the trial the account of the McKeesport bank as guardian, the same account on file and unaudited in the common pleas, was examined; evidence was put in to show that the expenditures, for which credit was claimed in the account, had been made, a number of the expenditures having been ordered by the court. In instructing the jury the learned trial judge referred to the fact that some expenditures had been ordered by the court and that some of the others "were properly made". It appeared by the account that the McKeesport bank still had in its possession $25.04 of the ward's estate and that, as the learned judge said, "In addition to that, it is my finding that it paid out improperly $75.00 which was the amount over and above the contract price of building the house. . . . It should have in that instance secured an order of Court, in our opinion, and therefore, it should be surcharged."

A verdict was directed for the Dollar Savings Bank, original defendant, and against the McKeesport bank for $123.55, the above amounts with interest. The reason for subsequently granting the McKeesport bank's motion for judgment n. o. v. need not be stated because in our view of the case the guardian's account could not

be audited—for that was what was attempted—in this action.

The appointment by the Common Pleas of Allegheny County of the McKeesport bank was on a petition setting forth the jurisdictional facts required by the Act of May 28, 1907, P. L. 292, as amended, 50 PS section 941. Compare *Browarsky's Estate,* 252 Pa. 35, 97 A. 91. Section 6 provides: "The guardian, so appointed, shall have precisely the same powers, and be subject to the same duties, as a committee on lunacy in the state of Pennsylvania." In *Davidson's Estate,* 323 Pa. 113, 116, 185 A. 782, we said: "The committee is the mere bailiff of the court which appoints him. *Black's Case,* 18 Pa. 434. The lunatic is in effect the ward of the court and his estate is in custodia legis: *Shaffer v. List,* 114 Pa. 486, 7 Atl. 791."

During the period intervening between the time of the appointment and the conclusion of the trial on an issue, as directed by the Superior Court, challenging the averment of residence stated in the petition, the McKeesport bank was the bailiff of the court and Edmundson's property was in the custody of the law. It was not accurate to say, as appellant does, that the appointment and the proceedings were void. They were voidable on a showing, such as was subsequently had, that the jurisdictional fact was not as it had been alleged in the petition, which, without the subsequent trial, would have supported the appointment. *Zeigler v. Storey,* 220 Pa. 471, 69 A. 894.[1] The case is therefore not like those relied on by appellant trust company: *Komara's Estate,* 311 Pa. 135, 166 A. 577, and the cases cited in the opinion of that case on page 140, because in those cases want of jurisdiction appeared on the face of the papers at the time the challenged orders were made. The statute required the guardian to file an account and re-

---

[1] Compare *Davis v. Davis,* 305 U. S. 32.

quired the court to audit it, and the requirement is not satisfied by the attempt collaterally to audit the account by inquiring into expenditures in the course of the trial of another action as was attempted in this case: *Commonwealth, to use, v. Rhoads*, 37 Pa. 60; *Bovaird v. Seyfang*, 200 Pa. 261, 49 A. 958.

Appellant has shown no reason why the judgment in favor of Dollar Savings Bank should be set aside; it is accordingly affirmed. But in order that the ward's estate may not be prejudiced by the judgment rendered in this case in favor of the McKeesport bank, and in order to avoid further unnecessary expense to the ward's estate, we shall reverse that action and remit the record with instructions to comply with the statute by auditing the account filed by the McKeesport bank as guardian.[2] Any amount found due by the guardian to its successor, and this record shows that something may be due, will become a debt of record *(Vincent v. Watson*, 40 Pa. 306) which, we have no doubt, will be promptly paid. After that has been determined the court may then enter an order of non pros finally disposing of this action. Nothing now decided on this appeal shall entitle any party to costs from the other.

---

[2] See *In re La. Mutual Ins. Co.,* Man. Unrep. Cases, 372 (La. 1880); *In re Kayser's Estate,* 92 Minn. 444, 100 N. W. 214 (1904); *Bk. of Marlinton v. Pocahontas Co.,* 88 W. Va.. 414, 106 S. E. 881 (1921).