## City National Bank of Philadelphia v. H. A. McGinnis Co., Inc.

*Harry Fischer*, for plaintiff.
*Axelroth & Porteous*, for defendant.

FLOOD, J., March 11, 1947.—Plaintiff, as guardian of the estate of Walter Scott, a weak-minded person, brings his complaint in mandamus seeking to inspect the books of defendant corporation in which plaintiff's

ward holds five shares of capital stock. Defendant filed a demurrer to this complaint upon the ground that it does not allege that plaintiff has obtained authorization from the Court of Common Pleas No. 4, Philadelphia County, which appointed it as guardian, to institute the present action or any other legal action for the purposes alleged in the complaint and that it has no power to institute the action without such permission.

The powers of a guardian appointed by the court of common pleas for a weak-minded person are set forth in section 6 of the Act of May 28, 1907, P. L. 292, 50 PS §961. He is therein given the same power as a committee in lunacy in the State of Pennsylvania. The powers of a committee are set forth in section 20 of the Act of June 13, 1836, P. L. 589, 50 PS §753. The powers so given are the management of the real and personal estate of the weak-minded person and the application of so much of the income thereof as shall be necessary to the payment of his just debts and engagements and the support and maintenance of the weak-minded person, and of his family, and for the education of his minor children. Certain powers, particularly with regard to the sale, mortgaging or leasing of real estate are made subject to the approval of the court appointing the guardian under the Act of 1907, supra.

It is evident from these acts that the guardian is given no power to sell any of the estate of the weak-minded person without the specific approval of the court. While the Act of 1907 sets forth the method of procuring the approval by the court of the sale of real estate, it makes no mention of the sale of personalty. However, it seems to me quite clear that such sale could be made only with the approval of the court. Although we have seen no cases passing upon this precise point, yet the opinion in Commonwealth ex rel. Flowers et al. v. Flowers, 326 Pa. 138 (1937),

indicates that such sale cannot be made except under the direction of the court.

Defendant contends that since the sale of the securities could not be made except by leave of the court of appointment of the guardian, and since plaintiff asks for the right to inspect defendant's books only because he desires to sell the shares, that this too is beyond the power of the guardian without prior leave of court since it is merely a step in the proceedings to sell.

However, under the sections quoted above and under the cases plaintiff has the duty of managing and preserving the estate. It follows that one of its duties was to keep itself informed as to the status of each of the assets. So that it might properly present to the court the desirability of selling this stock or any part of it for the benefit of the ward, the guardian should have the right and the duty to inform itself as to the value and the status of this stock.

Certainly plaintiff has the right to take  steps to determine the value of shares of the ward in its possession. The only question really involved here is whether in the exercise of this right, it may, without prior court approval, commence legal proceedings for the purpose of obtaining the necessary information in order to decide whether to request the court of appointment for permission to sell the stock.

It seems to us that this can be raised only in the court of appointment. Even if it could be raised in this court, we have serious doubt whether it could be raised by defendant who has no direct interest in the matter. This is quite a different situation from a case in which defendant is actually being sued for an amount due to the ward, as in the case of In the Matter of Grant Edmundson, an Alleged Weak Minded Person, 109 Pa. Superior Ct. 495 (1933).

In this connection it is to be noted that Pa. R. C. P. 2054 (*b*) provides that the initial pleadings filed by or

on behalf of an incompetent shall state the name and address of his guardian, if any, the nature of the guardianship and a reference to the record of his appointment. No further statement of his authority to bring suit is required under this rule and we doubt that it is within our competence to require anything more. He must eventually account to the court of his appointment for his administration of the estate. He has no doubt given bond and if the expenditure is an improvident one, Court of Common Pleas No. 4 will call him to account.

While I am dismissing the demurrer (which, in my opinion, should have been a preliminary objection since defendant's objection falls under Pa. R. C. P. 1017 (*b*)-5, rather than rule 1017 (*b*)-4), to avoid additional procedural difficulties, I feel that I should call attention to certain things with regard to the recently adopted Rules of Civil Procedure.

Plaintiff has evidently brought this action under the new rules since he has commenced it by a complaint rather than a petition for a writ of alternative mandamus, which has been rendered obsolete by Pa. R. C. P. 1457. However, the caption of the suit is incorrect under rule 2054(*a*), and the prayer should be for judgment rather than for a writ of alternative mandamus under rule 1095(7).

The demurrer is overruled and defendant is given the right to answer over to the merits within 20 days.