## Greenberg Estate

Dallett Hemphill, for Commonwealth.

MacElree, P. J., November 29, 1957.—A hearing in the above matter was held November 7, 1957, at which time testimony was offered, indicating mental incapacity.

In the opinion of this court that question is moot by reason of what this court believes to be lack of jurisdiction.

The Incompetents' Estates Act of February 28, 1956, P. L. (1955) 1154, sec. 302, provides as follows:

"County of Appointment—

"(a) Resident Incompetent. A guardian of the estate of an incompetent may be appointed by the court of the county in which the incompetent is *domiciled.*"

Prior to the time when exclusive jurisdiction in incompetents' estates was vested in the orphans' court, it had been held: "The Act of 1907 which provides for the appointment of guardians for the protection of 'insane persons, feeble-minded persons and epileptics, unable to take care of their property,' makes it a jurisdictional requirement that the petition for such appointment be presented 'to the court of common pleas of the county in which said person to be cared for resides.' By this is not meant the place where he may be sojourning at the time the petition is presented, but his established place of abode, his permanent dwelling place, and is practically synonymous with 'domicile' '': In the Matter of Grant Edmundson, 109 Pa. Superior Ct. 495, 496.

Significantly, the Act of 1955 uses the word "domicile."

The testimony in the instant matter indicates respondent, Celia Greenberg, had lived all of her life in Philadelphia County either alone or with her children.

It further indicates that she never lived in Chester County, but that in June of 1956 she became a patient at Chatham Acres Rest Home. She had never had any residence in Chester County, nor had she ever lived here or even sojourned here prior to becoming a patient.

She was placed as a patient at Chatham Acres by reason of her physical and/or mental condition, Chat-

544

ham Acres being an approved nursing home for invalids and those who may be senile or otherwise suffering from mental conditions.

This court being satisfied it is without jurisdiction in this matter, enters the following

### Decree

And now, to wit, November 29, 1957, the petition for the appointment of a guardian of the Estate of Celia Greenberg is dismissed without prejudice for want of jurisdiction.