HANS K. CARLSON *et al. vs.* ALBERT S. PHINNEY *et al.*

Argued Dec. 22, 1893. Affirmed Feb. 9, 1894.

No. 8456.

**Jurisdiction once obtained is not lost by mere error.**

Where the parties to an action are before a court of competent jurisdiction it may order judgment against a defendant, no matter how stale or absurd the claim may be. Such an order, or a judgment entered thereon, is within the jurisdiction of the court, although erroneously made or entered, and can only be reviewed on appeal.

**Application to open judgment entered on default of answer.**

One of the appellants was a nonresident defendant in an action to foreclose a mechanic's lien, on whom substituted service only of the summons was made. He omitted to answer within the time prescribed by law, and afterwards applied to the court for leave to answer and defend. *Held*, that he had failed to make out a proper case for relief, either under the provisions found in Laws 1889, ch. 200, § 10, or in 1878 G. S. ch. 66, § 66, or in section 125. The same is *held* as to the other appellant.

Appeal by defendants, William C. Resser and Margaret L. Berryhill, from an order of the District Court of Ramsey County, *Hascal R. Brill,* J., made June 2, 1893, refusing their application to vacate a judgment and allow them to answer.

*Cyrus J. Thompson* and *Charles J. Berryhill,* for appellants.

*Howard L. Smith, O. H. Hubbard,* and *Munn, Boyeson & Thygeson,* for respondents.

COLLINS, J.    This action was brought in August, 1891, to foreclose a mechanic's lien.   The owner of the property, other mechanics asserting lien claims, and several incumbrancers, including one Resser, a nonresident, were made defendants.   Resser had held a mortgage on the property, inferior to the mechanics' liens, but, under a power, it had been foreclosed in the month of April, 1891.   There is nothing in the record before us showing who was the purchaser at the mortgage foreclosure sale.   All of the defendants, save one as to whom the action was dismissed on the trial, were served with the summons personally or by publication, or voluntarily appeared. As Resser was a nonresident of the state, and could not be found therein, service was duly made upon him by publication of the summons,—the last publication being on December 14, 1891.   The case was duly brought on for trial, and judgment in favor of the plaintiffs and some of the defendant lien claimants was rendered and docketed April 7, 1892, and, pursuant to the judgment, the premises were sold May 24, 1892, to respondent Smith, who was not a party to the original action.   This sale was at once confirmed by the court, as required by law.

May 23, 1893, said Resser and one Margaret L. Berryhill procured an order of the court below, citing these respondents to appear and show cause why the judgment and all subsequent proceedings should not be vacated and set aside and they be allowed to interpose a proposed answer to the complaint, and to defend that action, and why certain other specified relief should not be granted.   Upon a hearing the court below dismissed and discharged the order.   From this Resser and Berryhill appeal.

It is a little difficult to follow counsel for appellants through their brief, but the first point, as we understand it, is that because the service upon Resser by publication was not completed—that is, fully made—until after the expiration of the year within which plaintiff was obliged to commence his action to foreclose (Laws 1882, ch. 200, § 10) the court below was without jurisdiction to enter judgment against Resser.   There is nothing whatever in this position. The court had jurisdiction of the subject of the action, the foreclosure of the lien, and by means of substituted service it acquired jurisdiction over the mortgage interest of defendant Resser.   It might then have committed error when ordering judgment as to

him, but it did not lack jurisdiction. The parties were before the court to try a cause within its jurisdiction, and if it adjudged a lien where it should have denied one, because plaintiff's right to bring an action against Resser had been cut off and barred by the statute, the only remedy was by appeal on the ground of error. Where the parties to an action are before a court of competent jurisdiction, it may order judgment against a defendant, no matter how stale or absurd the claim may be. Such an order, or a judgment entered thereon, is within the jurisdiction of the court, although erroneously made or entered, and can only be reviewed and reversed on appeal.

The other branch of the jurisdictional question is disposed of by saying that there is no statute requiring that a summons shall at any time be placed in the hands of a sheriff for service upon a nonresident. 1878 G. S. ch. 66, § 14, is not susceptible of any such construction.

It is insisted that appellants were entitled to answer as a matter of right, under the provisions of 1878 G. S. ch. 81, § 28. That section was declared unconstitutional in *Bardwell* v. *Collins*, 44 Minn. 97, (46 N. W. 315.) But, even if such were not the case, and putting aside respondents' claim that it does not appear that either of the appellants have a particle of interest in the real property involved, no "good cause" for answering was shown. When the latter first learned of the pendency of the foreclosure proceedings was not stated in the affidavit on which the order to show cause was based, but it did appear that appellants had "always supposed and insisted that he (Resser) was in no way bound to appear in said action." The fair inference from this assertion is that prior to the expiration of the period of time within which they had the right to answer they learned of the pendency of the action, but, under a misapprehension as to what was required of them under the statute, ignored the matter and refrained from taking any part therein.

It appeared from the proposed answer, that appellant Resser had taken a mortgage upon the liened premises, subject to the lien claims of the other defendants; that, prior to the commencement of this action, the mortgage had been foreclosed by advertisement, the premises sold, and the usual sheriff's certificate been issued to the purchaser. It was alleged that this certificate had been assigned by Resser to appellant Berryhill, and that both certificate and as-

signment had been duly recorded. It was nowhere alleged that Resser purchased at the foreclosure sale, nor was it stated when the assignment was recorded. We cannot presume that the instrument last mentioned was recorded before this action was begun and the lis pendens filed, (at the same time,) so that Berryhill should have been made a defendant instead of Resser; nor has it been intimated that such was the fact.

Assuming as true what is stated in counsels' brief, although not averred in any of the moving papers, that Resser was the purchaser at the mortgage foreclosure sale, and as such received the sheriff's certificate, it is evident that it was incumbent upon him, or upon his assignee, to appear; and present the lien or claim for adjudication in the action with those asserted by other defendants. This was not done, and the only remedy in such cases pointed out in Laws 1889, ch. 200, is that provided for in section 10. If at any time after judgment and before sale or distribution it shall be made to appear to the court that any lien claimant, having a lien which might properly have been foreclosed in the action and provided for by the judgment, has without fault on his part omitted to assert the same or apply to be made a party to the action, the court may delay a sale or distribution for the purpose of passing upon his lien claims.

In this case there had been a sale and distribution before appellants' application, and, again, they were not without fault when omitting to assert their claim. Nor, if the sections are applicable in a case like that at bar, (which we do not decide,) have either of these appellants brought themselves within the provisions of 1878 G. S. ch. 66, § 66, or section 125.

Order affirmed.

(Opinion published 58 N. W. Rep. 38.)