## H. L. SPENCER COMPANY v. MARGARET KOELL.[1]

January 8, 1904.

Nos. 13,662—(153).

**Lis Pendens.**

Before the filing and record in the office of the register of deeds of the notice of lis pendens provided for in G. S. 1894, § 5866, can be made effectual and of any value as a notice to a purchaser in good faith and for value of the tract of land described therein, the action must be commenced by service of the summons upon the defendant as prescribed by statute; but we do not wish to be understood as intimating that, in case of service upon a nonresident by publication, the action is not commenced, within the meaning of the lis pendens statute, until the full period for publication has expired.

**Summons—Substituted Service.**

Service of a summons on a nonresident defendant in accordance with the provisions of Laws 1901, c. 63, § 1, is simply a substitute for service by publication, and must be predicated upon a strict compliance with the provisions of G. S. 1894, § 5204.

Action in the district court for Crow Wing county to establish and enforce a lien upon certain real estate alleged to have been conveyed to defendant in fraud of creditors of one W. H. Koell. Charles Syreen and Amanda Syreen duly intervened, asserting their purchase of the premises from defendant without notice of the action or the alleged fraud. From an order, McClenahan, J., vacating the service of the summons and granting a motion for judgment in favor of the intervenors upon the pleadings, and from a judgment entered pursuant to the order, plaintiff appealed. Appeal from order dismissed. Judgment affirmed.

*T. C. Blewitt* and *John M. Hemingway,* for appellant.

*Nye & Deutsch,* for respondents.

COLLINS, J.

In an action in the nature of a creditors' bill to reach certain real property which it was alleged had been fraudulently conveyed to a third party, the complaint was filed on September 4, 1902, and a notice

of lis pendens was filed for record in the office of the register of deeds of the proper county at the same time. G. S. 1894, § 5866. On the same day a summons was delivered to the sheriff of the county in which the real property was situated for service upon the defendant. But she was not then in this state, and in fact was a nonresident. Sixteen days afterward the sheriff made return of "Not found" upon the summons, and thereafter it was sent to the sheriff of Franklin county, Iowa, where defendant resided, for service upon her, in supposed compliance with the provisions of Laws 1901, p. 68 (c. 63) § 1, which was an amendment to G. S. 1894, § 5205—a section relating solely to the manner in which a summons may be served by publication upon a nonresident. On September 11, 1902, the intervenors, Mr. and Mrs. Syreen, purchased the property from defendant Margaret Koell in good faith, for a valuable consideration, and without any notice of the alleged fraud, except in so far as they may be deemed to have had notice by reason of the filing and recording of the lis pendens. At no time prior to October 3, 1903, did the plaintiff, a corporation, file, or cause to be filed, the affidavit for publication prescribed in G. S. 1894, § 5204, and the acts amendatory thereof; and never prior to that date did it publish, or attempt to publish, in any manner, the summons, as provided for in section 5205. These steps were taken later. It will be observed that the intervenors were good-faith purchasers several weeks before any attempt to comply with the statutory requirements as to the service of a summons upon a nonresident defendant.

The main question in the case is as to the force and effect of the notice of lis pendens filed and recorded September 4, 1902, as before stated, seven days before the intervenors purchased the land, but prior to any attempt to serve the summons. It stands admitted that, unless the action had been commenced when the notice of lis pendens was filed and recorded, the Syreens were not bound thereby, and had no notice of the alleged fraudulent transaction, or which would prevent their obtaining good title to the land. We regard that question as settled by the decisions of this court.

Section 5193, G. S. 1894, expressly provides that all civil actions in the district courts of this state shall be commenced by the service of a summons upon the defendant in a manner subsequently indicated. For the purpose of preventing the running of the statute of limitations,

there is an exception to the general rule. Section 5134. There is no other way of commencing an action in this state, save by the service of a summons. Crombie v. Little, 47 Minn. 581, 587, 50 N. W. 823; Carlson v. Phinney, 56 Minn. 476, 58 N. W. 38. An action is commenced in this state as to each defendant when the summons is served on him, and it is deemed to be pending from the time of such service until there is a final determination of the action. And this rule is applicable to every case. Smith v. Hurd, 50 Minn. 503, 507, 52 N. W. 922.

Our decisions seem to settle the question as to when an action is commenced where personal service of a summons can be had upon the defendant, and it is when the summons is served in accordance with the statutory provisions. But we do not wish to be understood as intimating in case of service upon a nonresident by publication the action is not commenced, within the meaning of the lis pendens statute, until the full period for publication has expired. There is a clear indication to the contrary in Crombie v. Little, supra, and to the effect that sufficient service for this purpose is made by the first publication. But the precise question here seems to have been disposed of in Hokanson v. Gunderson, 54 Minn. 499, 56 N. W. 172, wherein it was held, in a mechanic's lien action, that certain mortgagees were not bound by the record of the notice of lis pendens, because the action was not commenced or pending, as to them, until they had been served or had voluntarily appeared therein. That case is conclusive here against plaintiff's contention, and leads to an affirmance of the judgment appealed from. The lis pendens was irregularly and prematurely filed, and served no purpose as notice until the action was actually commenced.

Another suggestion may be made: To agree with plaintiff's counsel, we should have to hold that the phrase "at the commencement" of the action of section 5866 is equivalent to and means the same as the expression "at the time of issuing the summons," which is the wording of section 5287, providing for the issuance of a writ of attachment in civil actions. The very marked difference in the language used in these two sections is very suggestive of a positive legislative intent to make a distinction—in fact, is almost conclusive.

Referring now to the appeal from the order setting aside the alleged

service of the summons upon defendant, Koell, in Iowa, as hereinbefore stated, it is really unnecessary to say more than that the order was made and filed by the court March 11, 1903; that notice thereof was personally served upon plaintiff's attorney March 13; and that no appeal was taken until more than thirty days had expired after such service. Under the provisions of section 6138, an appeal from an order must be taken within thirty days from service of the notice. As the appeal was not seasonably taken, the subject-matter of that order must be regarded as res adjudicata. But if this were not true, and the order had not been made, the attempted service was of no value. Service on a nonresident under the provisions of Laws 1901, p. 68 (c. 63, § 1) is simply a substitute for service by publication, and must be predicated upon a strict compliance with the provisions of G. S. 1894, § 5204.

The judgment stands affirmed, and the appeal from the order is dismissed.