## D. W. ELLIS v. NINA WARSHAUER.[1]

June 24, 1904.

Nos. 13,979—(133).

**Removal of Executrix—Receiver of Rents.**

Proceedings were commenced in the probate court which resulted in the removal of the executrix of an estate. Appeal was taken to the district court, and, pending the appeal, a receiver was appointed to collect the rents and take charge of the property. The order appealed from was reversed, and judgment to that effect was entered in the district court. *Held:* Entry of the judgment did not ipso facto discharge the receiver.

**Finding.**

The finding of the court that the receiver continued in possession of the property and collected the rents as receiver, and not as the representative of the executrix, is sustained by the evidence.

**Receiver's Account.**

Upon a final hearing of the receiver's account before the district court, certain items of expense with reference to certain litigation were disallowed upon the ground that the same were beyond the scope of the receivership. *Held:* The receiver had no claim or lien upon the balance of funds in his possession as finally adjusted by the court; that the same belonged to the executrix, and, if the receiver had a bill for services against the executrix, it was subject to settlement in the probate court.

Appeal by plaintiff from an order of the district court for Hennepin county, Elliott, Simpson, Harrison, Brooks and Willard R. Cray, JJ., settling plaintiff's account and discharging him as receiver in the matter of the estate of Morris M. Kayser, deceased. Affirmed.

*Lane & Nantz* and *J. M. Dunn,* for appellant.
*Weed Munro,* for respondent.

LEWIS, J.

Respondent, as the widow of Morris M. Kayser, of Philadelphia, Pennsylvania, had a life estate in all of his real and personal property, including certain real estate in Minneapolis. She was appointed one of the trustees under the will, and executrix in ancillary proceedings in

[1] Reported in 100 N. W. 214.

probate court, Hennepin county, Minnesota. January 5, 1899, as a result of proceedings commenced by certain residuary legatees under the will, the probate court of Hennepin county ordered the executrix to pay certain delinquent taxes within twenty days from the date of the order, or stand removed. From that order she appealed to the district court of Hennepin county, and pending the appeal, on February 28, 1899, appellant, D. W. Ellis, was appointed receiver,

> To have the charge and care of said premises, and lease the same, collect rents for the use thereof, and pay and expend the income therefrom in caring for said premises, making suitable repairs thereon, and keeping the buildings properly insured, and in paying the said delinquent and accruing taxes.

April 8, 1901, a judgment was entered in the district court reversing the order of the probate court. Appellant continued to collect the rents as receiver, but made no report of his proceedings until June 17, 1903, when he filed a report in the district court in which he asked for an allowance of his compensation up to April 1, 1903, and for a discharge as receiver, but took no steps to have the report brought on for a hearing. July 9, 1903, respondent secured an order to show cause before the district court why the receiver's account should not be heard and settled. A hearing was had August 12, resulting in an order, of date August 26, requiring the receiver to file a final account forthwith, and it was brought on for hearing before the full bench of the district court September 26, 1903. September 18, 1903, appellant filed a new report and account, and served notice that it would be heard September 26, the date fixed by the court.

The point having been raised that the judgment of reversal of April 8, 1901, discharged the receiver and deprived the district court of jurisdiction as to appellant's proceedings subsequent thereto, at the hearing September 26, before the full bench, the matter was sent back to one of the judges for a further hearing upon the question whether appellant had been acting as receiver ever since his appointment on February 28, 1899. Testimony was taken upon that point, and on November 18, 1903, findings were made and an order entered to the effect that appellant had been, during all of the time mentioned, and still was, such receiver. Thereupon appellant filed a supplemental account bringing

the matter down to December 1, 1903, when a hearing was had before the full bench, and January 7, 1904, an order was entered adjusting and allowing appellant's account, requiring him to pay the balance of money to the executrix, deliver to her possession of the property, and discharging him as receiver, from which order appeal was taken to this court.

In our judgment, the many assignments of error are disposed of by the decision of one question which we deem pivotal. The receiver's report includes a statement of account of receipts and disbursements for the entire period from appellant's appointment as receiver down to the date of the final hearing. That account includes many items of expense which were incurred as costs, disbursements, attorney's fees, and receiver's fees in connection with certain legal proceedings commenced by respondent as executrix, more especially a friendly action between her and the residuary legatees to secure a construction of the will, and in connection with the application for receiver. The trial court disallowed all items of disbursements except those immediately connected with the care of the property, as defined by the order of appointment, and allowed the receiver $1,000 for his entire compensation.

Error in the order is based upon the ground that the judgment entered in the district court April 8, 1901, reversing the order of the probate court, had the effect ipso facto of discharging appellant as receiver; that the only funds in his hands as receiver are those collected prior to that date, and that all moneys received by him subsequent thereto came into his possession, not as receiver, but as an individual representing the executrix; and, further, that, having conducted the litigation with reference to the appointment of the receiver and the construction of the will, as the representative of the executrix, he has a lien upon and a right to hold the funds collected since April 8, 1901, until his claim for services and disbursements has been paid. If appellant's claim in this respect is correct, then he cannot complain of the order disallowing all of the items referred to. If he was not receiver after April 8, 1901, he could not charge his account with the expenses stated, and in taking this position appellant admits that the trial court was correct in disallowing the items.

However, the finding of the trial court to the effect that appellant was, during all of the time up to the final hearing upon his account, the duly

authorized and acting receiver, is sustained by the evidence. It does not necessarily follow that he was discharged as receiver, and that the trial court lost jurisdiction of the subject-matter because the judgment entered on April 8, 1901, reversed the order of the probate court and reinstated respondent as executrix of the estate. Whether a discharge follows the termination of the suit depends upon the exigencies of the case. High, Receivers (3d Ed.) § 833. According to the findings, which are supported by the evidence, no change whatever was made in the relation of the parties after entry of the judgment. Appellant continued to act as receiver, collected the money, and kept possession of the property down to the date of the hearing.

Undoubtedly appellant has deceived himself as to his legal status. He may have assumed that he represented the executrix in an individual capacity as her attorney, and as such collected the rents subsequent to April 8, 1901, but there is not a particle of evidence in the record to indicate that he was ever so treated by the residuary legatees or by the court, or that he acted in any other capacity, and from the nature of the accounts, from time to time, appellant himself seems to have assumed that he was receiver.

Our conclusion is that, while the judgment reversing the order of the probate court had the effect of removing the necessity for his continuance, it did not in itself discharge the receiver. It was the duty of appellant at that time to close his account and be discharged, but not having done so, and having assumed to continue in that capacity by consent of all parties interested, he is in no position to deny the jurisdiction of the court to call him to account for his acts in connection with the trust. Appellant has mistaken his remedy. Whatever claims he may have against the executrix for conducting the litigation and business outside of the scope of his receivership, they are subject to adjustment in the probate court. It follows that the balance on hand as adjusted at the final hearing, and the property in his possession, were properly ordered turned over to the executrix. Under all the circumstances, $1,000 was reasonable compensation for appellant's services as receiver, and we find no error in the other rulings.

Order affirmed.