## HOOVER-BOND CO v SUNGLOW INDUSTRIES, INC, et

Ohio Appeals, 3rd Dist, Allen Co

No 685. Decided March 9, 1936

Lippincott & Lippincott, Lima, for plaintiff in error.

L. E. Ludwig, Lima, for defendant in error.

### OPINION

By GUERNSEY, J.

This is an error proceeding from the Court of Common Pleas of Allen County, Ohio. In that court the plaintiff in error, The Hoover-Bond Company, was plaintiff and the defendants in error Sunglow Industries, Inc., a corporation, Clare G. Stout and L. E. Ludwig were defendants, and the parties will be hereafter referred to in the relation they appeared in the Common Pleas Court.

On September 23, 1935, the plaintiff filed its petition in the Court of Common Pleas against the defendants, to which petition the defendants thereafter interposed a demurrer. On hearing, the court sustained the demurrer and the plaintiff not desiring

64

to plead further the court entered final judgment in favor of the defendants, and this proceeding in error is brought to reverse said judgment.

The petition in the case, omitting the formal parts, is in the words and figures following, to-wit:

"1. Now comes the plaintiff, The Hoover-Bond Company, and says that it is a corporation organized under the laws of the State of Ohio, carrying on a furniture business on the Public Square, Lima, Allen County, Ohio, until May 6th, 1935, at which place it had its principal office; that thereafter a pretended receivership took possession of the assets of the said plaintiff company which receivership was terminated by filing of its final account on August 31, 1935; that the defendant, Sun Glow Industries, Inc., is also an Ohio corporation with its principal place of business at Mansfield, Ohio.

2. Said plaintiff for its cause of action herein says that each of the defendants jointly obtained possession of the furniture store and accounts of the said plaintiff company; that said possession was obtained on or about the 6th day of May, 1935, and continued thereafter; that the said defendants offered said furniture store and accounts of the said paintiff for sale under the pretense of a receivership procured when said defendants without any right in law and based upon the judgment of the defendant Sun Glow Industries, Inc., of five hundred and eight dollars procured in the Municipal Court of the City of Lima, Ohio; that without causing any execution or other process to be issued upon said judgment the said defendants, Sun Glow Industries, Inc., through and by L. E. Ludwig, its agent, procured the appointment of the defendant, Clare G. Stout as a receiver in the said pretended receivership matter; that at the time the said property of the said plaintiff consisted of merchandise located in said store of the plaintiff free and unencumbered and of the value of $6109.93, and also three automobiles and trucks of the value of $780.00 and also office furniture and fixtures of the value of $1716.60 and also accounts for goods sold amounting to $26,-173.65 and the good will, name and business of said plaintiff of the value of $2000.00.

3. Plaintiff further says that the said defendants caused a sale of the said merchandise and accounts to be advertised for public auction of the said plaintiff's store for Saturday the 13th day of July, 1935; that said defendants were present at the time of said sale and carried on and conducted the same, receiving bids from a number of parties, each of said bidders having deposited a certified check with the said defendants and said bidding was continued in said sale until an offer was received for the purchase of the same in the amount of $10,750.00; that at said point said defendants without any right or authority adjourned the said sale, returned the said deposit of $1000.00 made by each of said bidders, and without right, released said bidders from the bids theretofore made and thereafter, and after the various bidders had had an opportunity of conference with each other the said defendants commenced receiving bids again; that many of the former bidders did not make any further bids and did not further join in any competitive bidding but permitted one person to offer a bid received by said defendants, whose highest bid was $8400.00.

4. Plaintiff further says that the said defendants upon receiving said bid and offer did thereafter sell said property and accounts for the said amount of $8400.00; that by making such sale the said defendants caused the plaintiffs to be damaged in the amount of $2350.00; that said plaintiff suffered said loss and damage wholly by the negligent and unlawful actions of the said defendants in that said defendants proceeded negligently and unlawfully in causing a receivership upon said judgment against said plaintiff.

2. On account of the said defendants unlawfully taking possession of the premises and property of said plaintiff.

3. On account of the said defendants proceeding to a public sale while there was pending in the Court of Appeals of Allen County, Ohio, an action for the dismissal of the said pretended receivership.

4. On account of the defendants releasing the bidders from their bids and returning the certified checks held as evidence of good faith in the bidding and in dismissing said sale and bids thus received.

5. On account of said defendants thereafter commencing an attempt for the second time to sell after having adjourned the sale and on account of said defendants releasing said bidders from their bids, thereby giving said bidders an opportunity to combine and form a plan by which they did not bid against each other and by which arrangement competitive bidding for said goods was destroyed.

5. Plaintiff further says that the defendants not only caused damage to the said plaintiff by the said negligence in conducting said sale but also created an unneces-

sary expense on account of the said alleged receivership between May 6, 1935 and August 31, 1935, by taking out of the proceeds arising from the operation of said store and saʌe of said property together with the additional expense of insurance bond, court costs, attorneys' fees, in the amount of $3500.00 takeɴ out of the property of said plaintiff whereas the said defendant, Sun Glow Industries, Inc., upon its judgment by execution had a full and ample means for the collection of its account in full.

Wherefore, plaintiff herein prays judgment against said defendants in the sum of fifty six hundred dollars and costs."

The demurrer to the petition, omitting the formal parts, is as follows:

"Now comes Sun Glow Industries, Inc., L. E. Ludwig and Clare G. Stout, defendants herein, and demur to this petition of the plaintiff for the following reasons:

That plaintiff has no legal capacity to sue. That said petition does not state a cause of action against said defendants either individually or jointly.

That said The Hoover-Bond Company is still in receivership under the jurisdiction of the Common Pleas Court of Allen County, Ohio; that said Clare G. Stout, receiver of said The Hoover-Bond Company, has not been discharged as such receiver, all of which is within the knowledge of said court.

That no action can be brought on behalf of said The Hoover-Bond Company while said company is in receivership and while said receiver is acting as such and not discharged unless said action is brought by said Clare G. Stout as such receiver.

That said matters complained of in plaintiff's petition have been adjudicated and determined in Case No. 1447, T-3, in said Common Pleas Court wherein said Sun Glow Industries, Inc., is plaintiff, and said The Hoover-Bond Company, defendant.

And for other reasons apparent upon the face of plaintiff's petition."

We will consider two grounds of the demurrer, as these grounds in effect incorporate all other grounds, and the error proceeding may be determined by a consideration of these two grounds. The grounds referred to, are: First. Plaintiff has no legal capacity to sue. Second. That said petition does not state a cause of action against said defendants either individually or jointly. These grounds will be considered in the order mentioned.

1. While in several allegations in the petition the receivership of the assets of the plaintiff company is referred to as a pretended receivership, other allegations of the petition, including the allegation that at the time of the public sale under the receivership therein referred to, there was pending in the Court of Appeals of Allen County, Ohio, an action for the dismissal of such receivership, shows that the receivership was an actual receivership in a court having jurisdiction of receiverships and that Clare G. Stout, one of the defendants, was appointed receiver of and took possession of the assets of the plaintiff company, and that the various acts of the defendants complained of occurred in connection with and as incident to such receivership and in connection with the property taken possession of by such receiver.

Under the rule announced by this court in the case of The Hoover-Bond Company v Samuel G. Blattner et al, No. 684, decided March 5, 1936, the plaintiff under such state of facts is without capacity to sue unless there are averments in the petition showing that the receivership had terminated at the time the petition was filed. The only allegation in the petition as to the termination of such receivership, is contained in the first paragraph of the petition and is as folows:

"That thereafter a pretended receivership took possession of the assets of said plaintiff company which receivership was terminated by filing of its final account on August 31, 1935."

This allegation is only the pleading of a legal conclusion that the receivership was terminated, based solely on the fact of the filing of the final account.

It will be noted that there is no allegation as to any action taken or order made by the court exercising jurisdiction in such receivership proceeding on or in connection with the filing of such account or of the making of any order by the court terminating the receivership and discharging the receiver.

Receiverships can not, as a matter of law, be terminated by the filing of the final account of such receivership but in order to terminate the same it is essential that the court having jurisdiction over such receivership, make an order terminating the receivership and discharging the receiver.

Consequently under the decision in the case last mentioned, the receivership is presumed to have continued in existence and not to have been terminated at the time the petition was filed.

The allegations of the petition are therefore insufficient to show that the plaintiff has legal capacity to sue, and the demurrer on that ground was properly sustained by the lower court. .

2. In addition to the facts above mentioned, the petition alleges certain specific acts of the defendants with reference to taking possession of the property under receivership, and certain facts in connection with the judgment upon which the receivership proceedings were based, and certain damages sustained by plaintiff by reason of the acts of the defendants in taking possession of said property under the receivership and in their manner of conducting sale of the property under the receivership, and that there were increased expenses on account of such receivership and by reason thereof the plaintiff sustained further damages.

No facts are alleged showing fraud or collusion on the part of any of the defendants in connection with such receivership proceeding or in connection with the various acts alleged to have been done by them.

No facts are alleged showing that the court in which the receiver was appointed did not have jurisdiction over the receivership proceeding or the appointment of the receiver. and in the absence of such allegation it is presumed that the court exercising jurisdiction over such receivership proceeding and the appointment of the receiver, had such jurisdiction.

As the court in which such receivership proceeding was had is presumed to have had jurisdiction of the subject matter of such proceeding and the appointment of the receiver if there was any irregularity or error in exercising jurisdiction over such receivership proceeding or in the appointment of the receiver or in the receiver taking possession of and selling the property of the plaintiff in the receivership proceeding in the manner in which the property is alleged to have been sold, the exclusive remedy of plaintiff therefore was by invoking the jurisdiction of the court exercising jurisdiction in the receivership proceeding, in such proceeding, to remedy the same, and in the event such court, its jurisdiction being invoked for that purpose, falied to remedy the same, by way of appeal or error proceeding from the orders made by such court in such receivership proceeding.

The manner of conducting the sale was also a matter for the jurisdiction of the court in which the receivership proceeding was pending, and in such receivership proceeding, and any of the irregularities or errors complained of were subject to correction in the same manner.

As the remedy for all the matters complained of was solely within the jurisdiction of the court in which such receivership proceeding was pending, and in such proceeding, the facts stated do not constitute a cause of action against said defendants either individually or jointly, and the demurrer on that ground was properly sustained.

For the reasons mentioned, the judgment of the Court of Common Pleas will be affirmed at costs of plaintiff in error.

KLINGER, PJ, concurs.

## CONCURRING OPINION

By CROW, J.

The reasoning of the opinion in relation to the ground of demurrer that the petition does not state a cause of action, is, in my opinion, sound.

Whether the receivership was terminated subsequent to the acts complained of, is unimportant inasmuch as plaintiff was party to the receivership at all times when the alleged wrongful steps were taken and it could have sought a review of them in the Court of Appeals.

It is therefore unnecessary for this court to determine the effect of the allegation that the receivership was terminated by filing the final account.

However, I incline to the opinion that the allegation apart from the related averments, does state a termination of the receivership the erroneous reason having been also subject to review in the Court of Appeals.