MAY B. YOUNG et al., Appellants, v. FORREST P. MILLER et al.; JOHN F. WEBBER, JR., Receiver; NEW YORK CASUALTY COMPANY, Surety, Appellees.

No. 44998.

June 18, 1940.

Chester W. Whitmore, for appellant.

Gilmore, Moon & Bannister and Shaw & Yoder, for appellees.

RICHARDS, J.—In this suit in equity brought to foreclose plaintiffs' mortgage upon land in Keokuk county the decree was entered on January 30, 1931. Therein John F. Webber was appointed receiver of the mortgaged premises. Under special execution the land was sold on February 17, 1931, to plaintiffs for $7,000 leaving $1,540.41 of the judgment unsatisfied. Webber qualified as receiver on January 31, 1931. On March 5, 1931, his application as receiver to lease the premises to a tenant until March 1, 1932, was approved. From then on until and including the year 1938 Webber continued to manage the land, leasing same, collecting the rents, and making various disbursements. On January 31, 1939, he filed a "Final Report of Receiver," which recited that as receiver he made the collections and disbursements as therein itemized; that he operated as

receiver until April 20, 1932, the date (allegedly) of issuance of the sheriff's deed; that the collections and disbursements set out in the report represent all there were during that period. A balance on hand being shown by the report, Webber was cited for contempt for not accounting for same. On May 12, 1939, a "Final Order and Judgment in Contempt" was entered wherein the court overruled a motion that the citation be discharged, and, for the purposes of the contempt proceedings only, made a finding that the tenure of office of the receiver terminated on April 20, 1932, but reserved further hearing on plaintiffs' objections to that finding until June 1, 1939, at 10 a. m. The May 12th decision was made at a hearing that was concluded on that date but which began on May 11th, on which day the receiver filed another final report, and on the same day plaintiffs filed objections thereto. In the May 12th order these objections were likewise reserved to be heard by the court on June 1st. The final report filed May 11, 1939, contained itemized schedules identified as A, B, C, and D. Schedules A and B set out, respectively, receipts and disbursements up to April 20, 1932. Schedule C showed receipts, and schedule D disbursements, from April 20, 1932, to January 1939. In this report Webber claimed that as receiver he was not liable for any of the items set out in schedules C and D, alleging as his reason therefor that his tenure as receiver ended on April 20, 1932. This claim was denied in plaintiffs' objections, several grounds and alleged facts on which the denial was founded being set out. Numerous other exceptions were taken in plaintiffs' objections to the accounting as made in the report. On June 1, 1939, being the date set for the further hearing, all parties again appearing in court, John F. Webber, receiver, and New York Casualty Company, surety on his bond, moved that there be stricken all that portion of plaintiffs' objections to the final report of May 11, 1939, that relate to an accounting by Webber for his doings after April 20, 1932. Pursuant to this June 1st hearing the court on June 5th rendered an "Opinion and Judgment," holding that the acts done by Webber after April 20, 1932, "were not acts done as receiver under appointment by this court,

that his right to act as receiver terminated on April 20, 1932,'' and dismissing the application of plaintiffs for an accounting for any sums received by Webber subsequent to April 20, 1932, but without prejudice to plaintiffs bringing action against Webber personally in Wapello the county of his residence. On June 19, 1939, the court made a ''Supplemental Record Entry'' reciting that ''The above matter proceeded to further hearing,'' and that all parties were appearing. In this entry the court adjudged and decreed that so far as the duties of Webber as receiver up to April 20, 1932, are concerned he is discharged, and judgment was rendered against plaintiffs for costs. On their appeal plaintiffs' complaint is that in each of these findings, orders and judgments, and in some others appealed from, there was prejudicial error.

The district court's decisions above mentioned amounted to holding either that, as a matter of law, the acts of Webber after April 20, 1932, were not done by him as receiver, or to holding that the record conclusively so showed as a matter of fact, regardless of any testimony the plaintiffs, if permitted, could have introduced. That is made evident by the record. Plaintiffs requested that they be permitted to introduce evidence to show that these acts after April 20, 1932, were done by Webber as receiver, and also that Webber as receiver was estopped to claim otherwise. The court refused to permit plaintiffs to introduce such evidence, or any evidence whatever. The ground for so refusing, as stated by the court, was that it had no jurisdiction to try and determine such action. But the court had jurisdiction at least of the subject matter . For in order to terminate a receivership it is essential that the court having jurisdiction make an order terminating it and discharging the receiver, Hoover-Bond Co. v. Sun-Glow Inc., 57 Ohio App. 246, 13 N. E. 2d 368, and another thing essential to termination of a receivership is that all interested parties be afforded opportunity to be heard by being given notice of the petition for the discharge. Farmers Sav. Bk. of Shelby v. Pomeroy, 211 Iowa 337, 233 N. W. 488. This receivership not having been termi-

nated the trial court had its original jurisdiction. The property was still in custodia legis. McCarthy v. Cutchall, 209 Iowa 193, 225 N. W. 865. And it is quite probable that want of jurisdiction of the subject matter was not in the mind of the court, for it was at the time exercising that jurisdiction. If so, what the court evidently intended to hold was that it lacked jurisdiction to try the controversy between plaintiffs and the receiver because, as a matter of law, or because conclusively shown if the court regarded it a fact question, there could be no liability on part of the receiver to plaintiffs or others having an interest by reason of any acts done after April 20, 1932.

As we understand the record, that holding was bottomed on the following considerations: Though in the foreclosure decree the receiver was appointed in general terms, without specification of any time for termination of the tenure under the appointment, the court gave consideration to the agreement in the mortgage which was that the court should appoint a receiver with power to enter upon, cultivate and operate the land, and collect the rents, issues and profits thereof during the pendency of the suit up to the time "when the purchaser at foreclosure sale shall be entitled to the possession thereof, and with the usual powers of receivers in such cases." The court also considered the testimony of a witness who had been the deputy sheriff in April 1932. The court summoned this witness on its own motion, and examined him over plaintiffs' objections that the testimony should not be taken unless plaintiffs' witnesses be also permitted to testify pertaining to the same matters. At this time and throughout the hearings the court was refusing to permit plaintiffs to introduce any evidence though they were requesting to do so and made proferts of testimony. Of this witness the court's inquiries were whether the sheriff's deed had been prepared, acknowledged and delivered in April 1932. The witness testified in large measure concerning the practices in the sheriff's office and his inferences therefrom. As a matter of fact, as all parties now concede and make a part of the record, the sheriff's deed, signed and acknowledged, was in fact still reposing in the files in the sheriff's office at the time

the court was making the orders and judgments on June 5 and June 19, 1939. These considerations on which the court bottomed its holding did not, in our opinion, establish as a matter of law, nor conclusively in fact, that there could be no liability on part of the receiver for anything done after April 20, 1932.

The receiver's liability was being pressed by plaintiffs as a contractual one. They stood on the receiver's written undertakings contained in the bond. These receiver's agreements were that he would "at all times render a true account of his doings in the above premises" and faithfully account for and pay over all money and property which might come into his possession whenever thereto required of him by law and discharge all and singular his duties as receiver. Not to be overlooked is this—after April 20, 1932, Webber still held the property in his capacity as receiver. No person could lawfully deprive him as receiver of its possession so long as he remained undischarged. Even had there been a settlement and termination of the case by the parties to the case, that would not, ipso facto, have discharged the receiver and released the property from his possession. McCarthy v. Cutchall, 209 Iowa 193, 225 N. W. 865. In the case of In re Estate of Kayser, 92 Minn. 444, 100 N. W. 214, it was held that, while a certain judgment of the supreme court, reversing a probate order, had the effect of removing the necessity for the continuance of a receivership of an estate, that did not in itself discharge the receiver; the receiver, not having closed his account, as was his duty, and having assumed to continue in that capacity with consent of all parties interested, he was held to be in no position to deny the jurisdiction of the court to call him to account for his acts in connection with the trust.

Applying these authorities we have this situation. While the receiver was still in the possession of the trust property income therefrom came into the receiver's hands. This acquiring of rents would clearly be "doings in the above premises" as phrased in the bond, that is, doings in the receivership. Of his such doings the receiver had agreed to render a true account. That continued to be the receiver's agreement until fulfilled.

For its violation the liability would be the contracting party's, that is, the receiver's. As parties claiming to have interests the plaintiffs were entitled to have these issues respecting the receiver's contractual liability tried and adjudicated upon the law and the facts. The trial court erred in peremptorily holding that there could be no liability on part of the receiver for any acts after April 20, 1932, and erred in discharging in any way either the receiver or his bond or the surety thereon from liability, and in dismissing the issues plaintiffs pleaded. Accordingly, the decisions which have been mentioned, and all other orders and decisions appealed from in so far as they are inconsistent with this opinion, are reversed and the matter is remanded for trial in the district court.—Reversed and remanded.

OLIVER, SAGER, and MITCHELL, JJ., concur.

MILLER and BLISS, JJ., specially concur.

MILLER, J. (concurring specially)—I think that the foregoing opinion reaches the correct result, but I am not entirely in accord with some of the inferences which might be derived from the language used therein.

Webber, the receiver herein, was also attorney for the plaintiffs. The mortgage which was foreclosed authorized the appointment of a receiver with ''power to enter upon, cultivate and operate'' the real estate and ''collect the rents, issues and profits thereof during the pendency of such suit and up to the time when the purchaser at foreclosure sale shall be entitled to the possession thereof, and with the usual powers of receivers in such cases.'' The decree of foreclosure appointed Webber receiver ''for such purpose.'' The district court interpreted the decree as contemplating appointment of Webber as receiver with only a narrow and circumscribed power as contrasted with a general receiver. Such interpretation is in accord with our decision in the case of Price v. Howsen, 197 Iowa 324, 197 N. W. 62.

748

However, the court determined that the sheriff's deed was issued on April 20, 1932, and held that, as a matter of law, the receivership terminated on that date. This was erroneous. The record now shows that, whereas the sheriff's deed is dated April 20, 1932, it was not signed and acknowledged until May 24, 1933, and was still in the sheriff's office at the time of trial. Also, there were issues of waiver and estoppel upon which the court refused to permit the introduction of evidence. This was also error.

The proceedings so far had have been of a summary character. The appellants have not been accorded an opportunity to have a trial on the merits on all issues presented by the pleadings. The cause should be remanded for such a trial.

BLISS, J., joins in the foregoing special concurrence.