TAYLOR, et al, Appellants, v. McCARTY, et al, Respondents

(4 N. W.2d 816.)

(File No. 8525.  Opinion filed July 13, 1942.)

**Davenport & Evans**, of Sioux Falls, for Appellants.
**T. R. Johnson**, of Sioux Falls, for Respondents.

SMITH, J.   This appeal is from an order of the circuit court vacating its previous order appointing a receiver. The order was made immediately after the summons was delivered to the sheriff with intent that it be served.   Such delivery to the sheriff was not followed by first publication or personal service of the summons within sixty days.   In fact service on defendant was not made until more than a year thereafter.   Prior to personal service defendant appeared specially and sought to have the order vacated on the ground it was not made in a pending action and was therefore void.   The circuit court adopted the views advanced by defendant and vacated the order of appointment. The case was submitted on briefs which present a single question, viz., was the action pending when the order of appointment was made.

The pendency of an action in which the appointment of a receiver is authorized is an essential prerequisite to the validity of such an order.   SDC 37.2601; High on Receivers, 4th Ed., § 17; Clark on Receivers, 2d Ed., Vol. 1, § 75; Tardy's Smith on Receivers, 2d Ed., Vol. 1, § 14; Pomeroy's Equity Jurisprudence 4th Ed., Vol. 4, § 1492, Equitable Remedies, 2d Ed., § 71; Bancroft's Code Practise and Remedies, Vol. 5, § 4121.

An action is deemed to be pending from the time of its commencement.   SDC 33.0104.   It is provided by SDC 33.0803 that an action is commenced by the service of summons.   A like provision appears in SDC 33.0202, but this section contains the further provision:   "An attempt to commence an action is deemed equivalent to the commencement thereof when the summons is delivered, with the intent that it shall be actually served, to the sheriff or other officer of the county in which the defendants or one of them, usually or last resided; or if a corporation be defendant, to the sher-

iff or other officer of the county in which such corporation was established by law, or where its general business was transacted, or where it kept an office for the transaction of business. Such an attempt must be followed by the first publication of the summons, or the service thereof, within sixty days."

SDC 33.0202 appears as a part of a chapter of our Code dealing with the limitations of actions. Similar provisions have been construed by other courts as only fixing the time of commencement of the action for the purpose of applying the statute of limitations. See Wait's New York Practice Simplified, 4th Ed., Vol. 1, p. 717; H. L. Spencer Co. v. Koell, 91 Minn. 226, 97 N. W. 974. However, in the case of Tabour Realty Co. v. Nelson et al., 56 S. D. 405, 228 N. W. 807, the quoted statute was interpreted as a rule of general application in fixing the commencement of actions. That interpretation has been adopted by the Legislature through enactment of the South Dakota Code of 1939 (In re Gooder's Estate, 68 S. D. 415, 3 N. W.2d 478), and we are not at liberty to reconsider its construction.

■ In the cited case, [56 S. D. 405, 228 N. W. 808], which dealt with the jurisdiction of a proceeding in garnishment, it was said that the section "provides that an attempt to commence an action is equivalent to the commencement thereof, but the attempt must be followed by the first publication of the summons or the service thereof within 60 days. If that is not done, the attempt fails, and everything connected with the attempt falls with it." That is not to say, however, that an action was not pending during the sixty-day period. According to the plain import of the words employed by the legislature, it is an attempt, not an attempt followed by service which is equivalent to the commencement of an action. The action having been commenced by the attempt, it follows from SDC 33.0104, supra, that the order was not subject to attack on the ground that the action was not pending at the time of its entry.

■ It is manifest that the action was terminated at the end of the sixty-day period, and the court was thereafter without jurisdiction of the action. However, termination of

an action in which a receiver has been appointed does not ipso facto terminate the receivership. The court retains jurisdiction to require an accounting and discharge the receiver. In re Kayser's Estate, 92 Minn. 444, 100 N. W. 214; Young et al. v. Miller et al., 228 Iowa 741, 292 N. W. 845.

It follows that we are of the opinion that the learned trial court erred in entering its order vacating the order appointing a receiver on the ground that no action was pending at the time of its entry.

The order is reversed.

All the Judges concur.