DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Duane J. Tillimon, appeals, pro se, from a judgment of the Lucas County Common Pleas Court and asserts that the following error occurred in the proceedings below:
 {¶ 2} "The trial court erred in not vacating its judgment entry of May 2, 2005 and not ordering the receiver to pay intervening third party plaintiff, Duane J. Tillimon.
 {¶ 3} $24,401.58 for rent, utility expenses repairs to premises used to generate income during the time of the receivership."
 {¶ 4} Appellee, James W. White, Jr., is the attorney appointed as the receiver for Lyn's Health Care Services, Ltd. ("Lyn's"). Appellant is the owner of the property leased by Lyn's and was a creditor of Lyn's at the time, March 2000, that Lyn's went into receivership under R.C. Chapter 2735. Appellant filed a third party complaint against various individuals, including appellee, seeking damages/rental payments allegedly owed to him by Lyn's.
 {¶ 5} On November 28, 2000, appellee filed a motion for summary judgment on appellant's claims. Appellee set forth several arguments as to why appellant could not bring suit against him either as the duly appointed receiver or personally. Appellant filed a memorandum in opposition and a notice of voluntary dismissal, without prejudice, of his third party complaint against appellee. On December 7, 2000, appellee filed a memorandum in opposition to appellant's voluntary dismissal, without prejudice, in which he asserted that, pursuant to Civ.R. 66, only a court order can dismiss an action in which a receiver has been appointed.
 {¶ 6} On April 20, 2001, the trial court, with appellant's permission, granted appellee's motion for summary judgment and dismissed appellant's third party claim, with prejudice. The court further held, however, and per a request by appellant, that appellant would not be precluded from "filing objections or exceptions to any reports or accounts to be filed by the Receiver."
 {¶ 7} On April 14, 2003, appellee filed a motion for a discharge from his duties and his final report. Paragraph eight of the report states that appellant was awarded judgments against Lyn's totaling $77,853.58 for unpaid rents. The report notes that appellant "claims said judgments as administrative claims of the receivership." On April 17, 2003, appellant filed objections to the final report in which he argued that appellee collected rents during the receivership and did not give them to appellant. Based upon this allegation, appellant contended that the rents should have gone directly to appellant as "expenses of the administration" of the receivership. The trial court did not address either appellee's motion or appellant's objections at this point in time.
 {¶ 8} On April 20, 2005, appellee re-filed his motion for discharge/final report and a supplemental brief. On that same date, appellee also filed an application for the compensation of the receiver in the amount of $19,972.50. On May 2, 2005, the trial court overruled appellant's April 17, 2003 objections, authorized appellee to settle all claims against Lyn's in accordance with appellee's final report, granted the motion for discharge, and authorized payment, in the amount of $19,972.50, as compensation to appellee for his duties performed as the receiver.
 {¶ 9} On May 4, 2005, appellant, once again, filed objections to the discharge of the receiver and to the final report. He again claimed that the rents allegedly owed to him were administrative expenses of the receivership. On May 5, 2005, appellant filed his motion to vacate the common pleas court's May 2, 2005 judgment. Appellant complained that the $19,972.50 awarded to appellee as his receiver's compensation rightfully belonged to him as rents collected during the course of the receivership because the rent payments were an "expense" of operating Lyn's during the receivership. In his memorandum in support of his motion to vacate, appellant also asserted that the compensation paid to the receiver was a "mistake" because those funds should have been disbursed to appellant as rental payments.
 {¶ 10} Appellee filed a memorandum in opposition to the motion to vacate. After holding a hearing, the common pleas court denied appellant's motion to vacate and overruled his objections.
 {¶ 11} Initially, we conclude that the May 2, 2005 judgment was a final, appealable order. R.C. 2505.02; Hoover-Bond Co. v.Sun-Glow Industries, Inc. (1936), 57 Ohio App. 246, 252 (A receivership terminates when the court having jurisdiction over the receivership enters an order terminating the receivership and discharging the receiver.). See, also, Milo v. Curtis (1994),100 Ohio App.3d 1, 6. Once a trial court enters a final judgment, a party's legal options are limited. Avon Lake Sheet Metal Co.Inc. v. Huntington Environmental Systems, 9th Dist. No. 03CA008393, 2004-Ohio-5957, at ¶ 11. Consequently, the only motions a trial court may consider and grant to relieve a party from a final order are motions pursuant to Civ.R. 50(B) (motion notwithstanding the verdict), Civ.R. 59 (motion for new trial), and Civ.R. 60(B) (motion for relief from judgment). Pitts v.Ohio Dept. of Transp. (1981), 67 Ohio St.2d 378, 380. As a result, any ruling upon appellant's second set of objections is a nullity. Id. at 379.
 {¶ 12} Moreover, because it was filed after final judgment, appellant's motion to vacate must be construed as a Civ.R. 60(B) motion for relief from judgment. Pursuant to Civ.R. 60(B), appellant was required to demonstrate: (1) the existence of a meritorious claim; (2) that he was entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) that the motion was timely brought. GTE Automatic Elect. v. ARCIndus. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. When reviewing a decision granting or denying Civ.R. 60(B) relief, appellate courts apply an abuse of discretion standard.State ex rel. Russo v. Deters, 80 Ohio St.3d 152, 153, 1997-Ohio-351. An abuse of discretion is more than an error of law or judgment, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 13} Assuming, arguendo, that appellant's motion to vacate was timely, appellant failed to offer any evidence of a mistake and failed to set forth a meritorious claim.
 {¶ 14} In particular, in the proceeding below, appellant first sought payment of any rents owed him by Lyn's by filing a third party claim against appellee. He subsequently agreed to have that claim dismissed, with prejudice. Appellant's motion to vacate the May 2, 2005 judgment, although couched in different terms, i.e., the rents accrued during the pendency of the receivership were administrative expenses, is simply another attempt to obtain payment of the rents from appellee personally. It does not qualify as a "mistake" pursuant to Civ.R. 60(B)(1).
 {¶ 15} Furthermore, it was the court which retained control over the disbursement of the assets of the receivership, and, therefore, appellee acted only as an arm of the court. Stiver v.Stiver (1939), 63 Ohio App. 327. A receiver who disburses funds pursuant to the direction of the court is protected in carrying out the court's instructions, "and the court order under which he acts will be a complete defense where there is a rightful exercise of jurisdiction." State ex rel. Schlesinger, v. TheColumbus Packing Co. (1925), 3 Ohio Law Abs. 313. See, also, 80 Ohio Jurisprudence3d (2004) 404, Receivers, Section 86. Here, there was no dispute as to jurisdiction. Accordingly, appellant did not raise a meritorious claim. Thus, the trial court did not abuse its discretion in denying appellant's motion to vacate.
 {¶ 16} For the foregoing reasons, appellant's sole assignment of error is found not well-taken. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Singer, P.J. Skow, J. concur.